## Richmond

CLARENCE JAMES LOMAX

V.

COMMONWEALTH OF VIRGINIA

Record No. 831938.

September 7, 1984.

Present: All the Justices.

G. *Rodney Sager* for appellant.

*Linwood T. Wells, Jr., Assistant Attorney General (Gerald L. Baliles, Attorney General*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

The sole question in this appeal is whether the trial court erred in refusing to grant the defendant's motion for a continuance.

Clarence James Lomax was indicted for the murder of Muriel Johnson. A jury convicted him of the lesser-included offense of involuntary manslaughter and fixed his punishment at 10 years in the penitentiary. The court sentenced Lomax in accordance with the verdict.

On July 11, 1983, more than three weeks before trial, Lomax filed a discovery motion pursuant to Rule 3A:11.[1] The defendant requested "[t]he results of any scientific tests, medical tests, autopsy reports, and/or experiments or studies . . . including examination of the victim. . . ." His request also included any drug analysis. In the motion, Lomax apprised the Commonwealth that "he may rely on self-defense." On the same date, the court ordered the requested discovery.

The Commonwealth did not produce any discovery materials until August 1, 1983, two days prior to trial. The materials pro-

---

[1] Prior to July 1, 1984, this rule had been designated Rule 3A:14.

duced did not include the toxicological report. Less than 24 hours before the trial, the Commonwealth's Attorney, by telephone, informed defense counsel of the toxicological report. The report itself was not produced until trial, although it was dated July 18, 1983. The report disclosed that at the time of death the victim's blood contained 3.5 milligrams per liter of phenmetrazine (also known as Preludin).

On the morning of trial, August 3, defense counsel moved for a continuance. He claimed he needed more time to consult with experts who could determine the effect that such a quantity of Preludin would have on an individual. Counsel advised the court that after learning of the toxicological report, he was informed by a State toxicologist that the level of Preludin in the victim's blood was ten to thirty times the prescribed dosage. The trial court denied the continuance motion but made arrangements to have the toxicologist present to testify at trial.

At trial, Lomax testified that he and Johnson became embroiled in an argument concerning his objection to her use of his name in illegal drug sales. Johnson pulled a pistol from her blue jeans and pointed it at Lomax. During a struggle for the pistol, Johnson was fatally shot. The defendant testified that Johnson was "high" at the time of the argument. He maintained that she was the aggressor and he acted in self-defense.

A State toxicologist, called as a defense witness, testified that he examined the victim's blood and urine for the presence of alcohol and drugs. He reported that Johnson's blood contained .02 percent of alcohol, and both her blood and urine contained morphine and Preludin. Her blood contained 3.5 milligrams per liter of Preludin. The toxicologist testified that the victim had "ten to thirty times the prescribed dosage" of Preludin in her blood and urine.

The toxicologist also stated that moderate to high levels of Preludin can cause an individual to become assertive and aggressive. The court asked the witness what percentage of people using Preludin became aggressive. When the witness stated that he did not know, the court *sua sponte* struck his testimony respecting the drug's effect, holding that it was "speculative."[2]

---

[2] Because the sole issue on appeal is whether a continuance should have been granted, we will not address the correctness of this ruling.

The decision whether to grant a continuance is a matter resting within the sound discretion of a trial court, and its ruling will not be disturbed on appeal unless it is plainly wrong. *Gilchrist v. Commonwealth*, 227 Va. 540, 545, 317 S.E.2d 784, 787 (1984); *Parish v. Commonwealth*, 206 Va. 627, 631-32, 145 S.E.2d 192, 195 (1965). A court must not exercise its discretion in a manner which would deny an accused a fair and impartial trial or deprive him of his constitutional right "to call for evidence in his favor." Va. Const. art I, § 8; *Gilchrist* at 545, 317 S.E.2d at 787; *Cox v. Commonwealth*, 227 Va. 324, 328, 315 S.E.2d 228, 230 (1984). This right guarantees an accused sufficient time to investigate and evaluate the evidence in preparation for trial. *Gilchrist* at 546, 317 S.E.2d at 787.

In *Cox*, decided after the trial court's ruling in the present case, the accused did not receive certain bank records which had been ordered produced pursuant to a subpoena *duces tecum*. 227 Va. at 326, 315 S.E.2d at 229. Three days before the scheduled trial date, the defendant moved for a continuance, claiming the records were material to her defense. The court denied the motion, and we reversed, stating that "all relevant facts must be available to both the prosecution and the defense in order to preserve" the integrity of the criminal justice system. *Id.* at 328, 315 S.E.2d at 230.

In *Gilchrist*, a murder case, also decided after the trial court's ruling in the present case, the accused obtained a discovery order similar to the one in the present case. 227 Va. at 543, 317 S.E.2d at 785. The Commonwealth disclosed some materials on the day before trial, produced some for the first time at trial, and never produced other materials. Gilchrist unsuccessfully sought a continuance. Concluding that he had been denied due process, we reversed. We observed that "the defendant was denied the right 'to call for evidence in his favor,' including 'the right to prepare for trial . . . and to ascertain the truth.'" *Id.* at 547, 317 S.E.2d at 788 (quoting *Bobo v. Commonwealth*, 187 Va. 774, 779, 48 S.E.2d 213, 215 (1948)).

Our reasoning in *Cox* and *Gilchrist* applies with equal force in the present case. Lomax contends that the victim threatened him with a gun and he acted in self-defense. He described her as being "high" on drugs. The toxicological report, received just hours before trial, established that when the victim died her blood contained an excessive amount of Preludin. Moreover, the toxicologist's stricken testimony indicated that this could cause aggres-

sive behavior. Clearly, evidence that excessive use of Preludin can cause aggressiveness is relevant, probative, and necessary to the truth-finding process.

When a court orders discovery pursuant to Rule 3A:11, the Commonwealth has a duty to disclose the materials in sufficient time to afford an accused an opportunity to assess and develop the evidence for trial. The right to explore and develop this evidence was critical to the defendant's case. In refusing a continuance, the court denied the defendant a basic right to call for evidence in his favor, which prejudiced his trial.

Therefore, we will reverse the judgment of the trial court and remand the case for a new trial.

*Reversed and remanded.*

COMPTON, J., dissenting.

In my opinion, the trial court did not abuse its discretion in refusing to grant defendant's motion for a continuance.

Defendant's July 11, 1983 discovery motion, filed three weeks and two days before trial, did not specify a time by which the requested information should be produced. Indeed, the July 11 discovery order entered upon the motion did not fix a time for production of the evidence sought. *See* Rule 3A:11(e). As a matter of fact, and contrary to the majority's understanding of the record, the circuit court did not actually "order" the requested discovery. The July 11 order merely stated: "Motion for inspection and discovery — agreed upon by the Commonwealth and the defendant."

Even under the informal procedure followed in this case, the prosecutor produced discovery materials two days before trial. The toxicological report inadvertently had not been included with the material furnished the prosecutor by the police department. When defense counsel inquired about the report, the prosecutor promptly located it and informed defense counsel of its contents by telephone the afternoon prior to trial. Immediately, defense counsel discussed the report with its author, a State toxicologist, who was present at trial to testify for the defendant.

Under these circumstances, I believe the trial judge properly refused to grant the continuance. Defendant's last-minute disappointment was caused by his adoption of an informal, non-precise discovery procedure, not by any fault of the prosecutor, who acted

in good faith throughout. A defendant should not be rewarded with a continuance of his trial when, as here, he has been lax in promptly obtaining documents on which to establish a possible defense.

Consequently, I would affirm the conviction.

CARRICO, C.J., and RUSSELL, J., join in dissent.