COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons and Frank
Argued at Norfolk, Virginia


CATHERINE ROTHWELL, S/K/A
 CATHERINE C. ROTHWELL

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1342-98-1         JUDGE ROBERT P. FRANK
                                       JANUARY 4, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Joseph A. Leafe, Judge

            Michael J. Woods for appellant.

            Eugene Murphy, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Catherine C. Rothwell (appellant) appeals her convictions of

two counts of child endangerment pursuant to Code § 40.1-103 and

four counts of child cruelty pursuant to Code § 18.2-371.1[1] after

a bench trial.  On appeal, she contends that the trial court erred

in denying her a continuance for a second psychological

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

     [1] The Court notes that the final sentencing order entered by
the trial court erroneously reflects that the appellant was
found guilty of six counts of child endangerment pursuant to
Code § 40.1-103.  Accordingly, this case is remanded to the
trial court for the sole purpose of amending the final order to
reflect that the appellant was found guilty of two counts of
child endangerment pursuant to Code § 40.1-103 and four counts
of child cruelty pursuant to Code § 18.2-371.1.

evaluation, denying her due process. We disagree and affirm appellant's convictions.

FACTS

A licensed clinical psychologist, Dr. David Keenan, evaluated appellant's competency to stand trial in September 1997. Keenan concluded appellant understood the charges against her. He also found appellant possessed an adequate understanding of courtroom terms and procedures and that she had the capacity to understand the roles of the various courtroom personnel. Although concerned that appellant's condition might deteriorate under stress, Keenan concluded: "[G]iven the present positive relationship with her attorney, I would says [sic] that she presently meets competency to stand trial criteria at the most basic of levels."

The trial court appointed a new attorney for appellant on January 23, 1998. On May 29, 1998, counsel for appellant asked for a psychological re-evaluation to determine appellant's competency to stand trial. Counsel proffered that when he spoke with appellant briefly she seemed fine. After meeting with appellant for a longer period of time, he stated, "But on my last visit, I talked with her for about two hours and I found her train of thought to be somewhat erratic. I don't think she understands the seriousness of these charges."

Counsel proffered that appellant represented that she had evidence that would assist in her defense, but when he asked her for it, she said her sister had it and that the sister would

-

present it at trial.  Counsel represented that appellant gave him the names of six witnesses, but that all of the witnesses were unfavorable, some of them witnesses for the Commonwealth. Appellant told counsel that "her case [was] in God's hands, and that God's going to look out for her."  Counsel concluded:

> I just feel, from my perspective, Your Honor,
> as her counsel, that I feel that . . . I need
> a second opinion on her evaluation since I am
> new to this case . . . . I just feel, as a
> safety precaution for myself and [appellant],
> that she should be reevaluated by another
> psychologist who can see if they come to the
> same conclusion.

The trial court denied the appellant's motion for a "second opinion" at a hearing on May 29, 1998.  Then, at trial, appellant renewed her motion and requested a continuance to obtain the "second opinion."  The trial court denied the motion for a continuance and tried the case on that date.

## ANALYSIS

"Whether to grant or deny a continuance of a trial is a matter that lies within the sound discretion of a trial court, and its ruling will not be reversed on appeal unless it is plainly wrong."  Cardwell v. Commonwealth, 248 Va. 501, 508, 450 S.E.2d 146, 151 (1994) (citing Lomax v. Commonwealth, 228 Va. 168, 172, 319 S.E.2d 763, 765 (1984); Parish v. Commonwealth, 206 Va. 627, 631-32, 145 S.E.2d 192, 195 (1965)).

Code § 19.2-169.1(A) provides in part:

> If . . . the court finds, upon hearing
> evidence or representations of counsel for

-

the defendant or the attorney for the
Commonwealth, that there is probable cause to
believe that the defendant lacks substantial
capacity to understand the proceedings
against him or to assist his attorney in his
own defense, the court shall order that a
competency evaluation be performed.

At a hearing to determine competency to stand trial "the party alleging that the defendant is incompetent shall bear the burden of proving by a preponderance of the evidence the defendant's incompetency."  Code § 19.2-169.1(E).  "[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'"  Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)).  A trial court's determination of a defendant's competency to stand trial is a question of fact.  See Delp v. Commonwealth, 172 Va. 564, 570-71, 200 S.E. 594, 596 (1939).  "[A] factual finding made by the trial court is binding on appeal unless plainly wrong."  Naulty v. Commonwealth, 2 Va. App. 523, 527, 346 S.E.2d 540, 542 (1986) (citing McFadden v. Commonwealth, 225 Va. 103, 108, 300 S.E.2d 924, 926 (1983)).

Appellant's counsel argued the following as the basis for his concern.  First, appellant said her sister had evidence to assist with appellant's defense but her sister did not contact counsel. Second, appellant gave counsel the names of witnesses who were

-

adverse to appellant's case.  Third, appellant indicated the case was in God's hands.  Counsel further expressed concern that appellant's train of thought was somewhat erratic, and he did not think appellant understood the seriousness of the charges.

During the court's colloquy with appellant, it was clear that appellant was competent to stand trial.  She understood the court's questions and properly responded to the questions.  She was cogent and responsive.  During the trial, appellant's testimony was detailed.  She clearly remembered names, dates, and information in detail.  She fully participated in the trial.  The trial judge had the opportunity to observe and evaluate appellant during the trial.  Appellant's counsel made no additional comments on his client's competency once the trial began.

Appellant did not assert to the trial court that her mental state had deteriorated since the September 1997 evaluation, but rather argued that she wanted a second opinion.  There was no evidence that appellant's mental condition had changed since Keenan's evaluation.

Appellant did not satisfy the requirement of Code § 19.2-169.1 because she did not show probable cause that she lacked substantial capacity to understand the proceedings or to assist counsel in her defense.

"'Probable cause, as the very name implies, deals with probabilities.  These are not technical; they are the factual and practical considerations in every day life on which reasonable and

-

prudent men, not legal technicians, act.'" Derr v. Commonwealth, 242 Va. 413, 421, 410 S.E.2d 662, 666 (1991) (quoting Saunders v. Commonwealth, 218 Va. 294, 300, 237 S.E.2d 150, 155 (1977)). Probable cause is "determined by objective facts," not the "subjective opinion" of a police officer. Klinger v. United States, 409 F.2d 299, 304 (8th Cir. 1969). Therefore, it follows that probable cause cannot be based on the subjective conclusions of counsel.

We cannot say, as a matter of law, that the trial court's finding that there was no probable cause to believe that appellant was incompetent to stand trial was plainly wrong.

The record supports the trial court's ruling to deny appellant's motion for a second psychiatric opinion. Accordingly, the trial court did not abuse its discretion when it denied appellant's motion for a continuance.

For these reasons, we affirm the appellant's convictions.

Affirmed and remanded.