COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Coleman
Argued at Alexandria, Virginia


RICHARD ANTHONY SMOOT
                                             OPINION BY
v.   Record No. 2390-00-4          JUDGE ROSEMARIE ANNUNZIATA
                                         FEBRUARY 12, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                      John R. Cullen, Judge

          Rex L. Edwards, Jr. (Davies, Barrell, Will,
          Lewellyn & Edwards, P.C., on brief), for
          appellant.

          Jennifer R. Franklin, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          Shelly R. James, Assistant Attorney General,
          on brief), for appellee.


     Richard Anthony Smoot appeals his conviction for possession

of marijuana while a prisoner, in violation of Code § 53.1-203.

Smoot alleges:  (1) the Commonwealth violated the provisions of

the agreed order of discovery and inspection by not timely

disclosing letters written by Smoot; and (2) because of this

untimely disclosure, the trial court erred in overruling Smoot's

motion to dismiss or continue.  For the following reasons, we

affirm.

                         BACKGROUND

     Prior to Smoot's trial for possession of marijuana by a

prisoner, the trial court entered an agreed order for discovery

and inspection requiring the Commonwealth to disclose certain information to the defendant no later than July 14, 2000. The prosecutor delivered several documents pursuant to the order and informed Smoot's attorney that his file could be inspected under his "open file policy."

On September 1, 2000, the Friday before trial, the prosecutor discovered Sergeant Nelson possessed two inculpatory letters written by Smoot to fellow inmates. That same day, the Commonwealth sent defense counsel a supplemental discovery response with copies of the two letters and another report attached.

The trial court heard argument on September 5, 2000, the day before the trial, concerning the "late disclosure" of the letters. Defense counsel argued the letters were covered by the discovery order and, as they were not disclosed promptly, the case should be continued or dismissed. The trial court held that the letters were not covered by the discovery order and denied the continuance.

At trial, the Commonwealth attempted to introduce the two letters during redirect examination of Sergeant Nelson. The trial court again ruled that disclosure of the letters was not encompassed by the discovery order, but refused to admit the letters on the ground that they went beyond the scope of cross-examination. No further mention of the letters or their

contents was made.  Smoot did not present any evidence in defense.

The jury found Smoot guilty of possession of marijuana by a prisoner, in violation of Code § 53.1-203.  In accordance with the jury's verdict, the court sentenced Smoot to serve four months in jail.

Smoot appeals on the ground that the Commonwealth violated the discovery order by not timely producing the letters to defense counsel and that the trial court erred in refusing to grant the continuance.

### ANALYSIS

Rule 3A:11 governing discovery in criminal cases provides that, upon timely written motion, the accused is entitled to discover any relevant:

> written or recorded statements or confessions made by the accused, or copies thereof, or the substance of any oral statements or confessions made by the accused to any law enforcement officer . . . .

(Emphasis added).  However, where a discovery order has been entered in a criminal case, it governs discovery in that case. Abunaaj v. Commonwealth, 28 Va. App. 47, 53, 502 S.E.2d 135, 138 (1998).  The discovery order entered in this case required the Commonwealth to permit defense counsel to inspect and copy or photograph any:

> written or recorded statement or confessions, or copies thereof, or the

substance of any oral statements or
confessions made by the Defendant to any law
enforcement officer . . . .

In short, the order omitted the language from Rule 3A:11 underscored in the above quotation.

The trial court held that the letter was not within the discovery order because it was not written "to any law enforcement officer." Smoot contends that this construction of the discovery order was error and that the Commonwealth was required to turn over to defense counsel inculpatory letters Smoot wrote to a fellow inmate. We agree.

"[W]hen construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court." Fredericksburg Construction v. J.W. Wyne Excavating, 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000) (citing Rusty's Welding Service v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999)). Although trial courts have discretion to interpret their own orders, that discretion must be exercised reasonably and not arbitrarily or capriciously. Rusty's Welding Service, 29 Va. App. at 130, 510 S.E. 2d at 261. Furthermore, an order must be interpreted within its four corners. United States v. Armour & Co., 402 U.S. 673, 682 (1971).

Applying these principles of law, we find that the trial court erred in its construction of the discovery order. It is settled that the language of Rule 3A:11(b)(1)(i) requires the prosecutor to turn over written and recorded statements by the

accused whether made to a law enforcement officer or not. Abunaaj, 28 Va. App. at 52-53 n.1, 502 S.E.2d at 138 n.1; Conway v. Commonwealth, 12 Va. App. 711, 715, 407 S.E.2d 310, 312 (1991) ("Rule 3A:11 requires the Commonwealth to allow an accused to inspect and copy or photograph any written or recorded statements, the existence of which is known to the attorney for the Commonwealth."); Naulty v. Commonwealth, 2 Va. App. 523, 528, 346 S.E.2d 540, 543 (1986) (Rule 3A:11 places "no limitation" on the defendant's right to his own statements). The discovery order in this case varies from the language of Rule 3A:11 only in its omission of the limiting phrase "made by the accused," in the first clause. The trial court infers that this omission limits the Commonwealth's discovery obligations to statements made by the defendant to law enforcement officers. This interpretation necessarily rests on the view that the defendant purposely deviated from the language of Rule 3A:11 and deliberately narrowed his rights to discovery when he agreed to the order. See id. The Commonwealth offered no compelling reason for the trial court to accept this conclusion. We, therefore, hold that the trial court abused its discretion in finding that Smoot intentionally relinquished his entitlement to discover some of his statements.

In addition, the structure of the challenged sentence in the order, and the grammatical rules that pertain, do not support the trial court's interpretation. Generally, phrases

separated by a comma and the disjunctive "or," are independent. See, e.g., Ruben v. Secretary of DHHS, 22 Cl. Ct. 264, 266 (1991) (finding that, the word "or" connects two parts of a sentence, "'but disconnect[s] their meaning'" (quoting G. Curme, A Grammar of the English Language, Syntax 166 (1986))); Quindlen v. Prudential Ins. Co., 482 F.2d 876, 878 (5th Cir. 1973) (noting disjunctive results in alternatives, which must be treated separately); United States v. Erdos, 474 F.2d 157, 160 (4th Cir. 1973) (finding that limiting phrase in statute is independent of and does not modify two earlier phrases because the limiting phrase is separated from the first two by a comma and the disjunctive "or"); United States v. Riely, 169 F.2d 542, 543 (4th Cir. 1948) (interpreting the use of a comma and the disjunctive "or" as implying two separate and independent phrases in a Virginia statute authorizing payment of dividends by corporation "out of net earnings, or out of its net assets in excess of its capital").  Accordingly, the phrase, "made by the Defendant to any law enforcement officer," is independent of and does not modify the phrase, "[a]ny written or recorded statement or confessions."

Based on the foregoing, the order required the Commonwealth to disclose all of the defendant's written and recorded statements, irrespective of the recipient.  Consequently, the trial court's ruling that Smoot's inculpatory letters written to his fellow inmates were not encompassed by the order was error.

However, to constitute reversible error, the Commonwealth's late disclosure of inculpatory evidence must prejudice the defendant's case.  See Davis v. Commonwealth, 230 Va. 201, 204, 335 S.E.2d 375, 377-78 (1985); Conway, 12 Va. App. at 716, 407 S.E.2d at 312-13 (citation omitted).  To show prejudice, the defendant must demonstrate how timely disclosure would have changed his trial strategy or affected the outcome of the trial.[1]  See Davis, 230 Va. at 204, 335 S.E.2d at 377 (holding that to demonstrate prejudice from the nondisclosure of inculpatory evidence, defense counsel must "suggest to the trial court how their earlier disclosure would have benefited [defendant's] defense or altered the course of the trial"); Knight v. Commonwealth, 18 Va. App. 207, 215, 443 S.E.2d 165, 170 (1994)

---

[1] In contrast, the court's failure to remedy the Commonwealth's untimely disclosure of exculpatory evidence constitutes reversible error if the defendant demonstrates that the evidence is "material either to guilt or to punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963); see United States v. Bagley, 473 U.S. 667, 678 (1985).  The standard for demonstrating reversible error differs where the evidence is exculpatory because a defendant's right to exculpatory evidence invokes his or her right to due process of law, see Brady, 373 U.S. at 87 ("[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process . . . ."); Lomax v. Commonwealth, 228 Va. 168, 173, 319 S.E.2d 763, 766 (1984) ("[T]he Commonwealth has a duty to disclose [exculpatory evidence] in sufficient time to afford an accused an opportunity to assess and develop the evidence for trial."); Gilchrist v. Commonwealth, 227 Va. 540, 547, 317 S.E.2d 784, 788 (1984), while the defendant's access to inculpatory evidence stems only from the Rules of the Supreme Court.  See Rule 3A:11; Walker v. Commonwealth, 258 Va. 54, 63, 515 S.E.2d 565, 570 (1999) (holding that neither due process nor Brady requires the Commonwealth to disclose inculpatory evidence).

(holding that to demonstrate prejudice from the late disclosure of inculpatory evidence, defendant must "[offer an explanation] as to how his trial tactics might have been different if [the evidence] had been disclosed before trial"); Conway, 12 Va. App. at 716, 407 S.E.2d at 313 (noting that admission of nondisclosed evidence is reversible upon a showing that nondisclosure prejudiced defendant's "case" or "defense").

We note that this case does not involve the admission of inculpatory evidence that was untimely disclosed. See, e.g., Davis, 230 Va. at 204, 335 S.E.2d at 277 (undisclosed autopsy photographs of victim admitted into evidence); Conway, 12 Va. App. at 716, 407 S.E.2d at 313 (undisclosed tape recording admitted into evidence); Naulty, 2 Va. App. at 526, 346 S.E.2d at 542 (videotape of defendant purchasing chemicals used in the manufacture of PCP admitted into evidence). In such cases, the admission of the evidence may affect the determination of guilt or sentencing and prejudice a defendant who is unprepared for its impact. See Conway, 12 Va. App. at 716, 407 S.E.2d at 313 (finding prejudice where defendant was impeached by the admission of an undisclosed tape recording showing his testimony to be false). But see Davis, 230 Va. at 204, 335 S.E.2d at 277 (finding no prejudice because counsel failed to demonstrate how earlier disclosure of autopsy photographs that were admitted into evidence would have benefited defense or altered the course of trial); Naulty, 2 Va. App. at 528-29, 346 S.E.2d at 543

(finding no prejudice because defendant did not "allege any specific prejudice suffered as a result of the tape's admission, nor is any prejudice apparent from the record").

Here, the evidence in question was not admitted into evidence, nor referenced at trial.  The parties have cited no Virginia cases addressing the issue of prejudice where inculpatory evidence was untimely disclosed and not admitted into evidence.  However, we hold that the general principles for demonstrating prejudice due to untimely disclosure of inculpatory evidence, set forth above, are relevant and govern our decision.  Specifically, we focus on how, if at all, the untimely disclosure adversely affected Smoot's trial strategy or defense.

Although Smoot claims he was prejudiced by the late disclosure of the letters, a close reading of his claims makes manifest that they do not rise above an articulation of abstract principles and speculative conclusions that do not prove how "earlier disclosure would have benefited [his] defense or altered the course of the trial."  Davis, 230 Va. at 204, 335 S.E.2d at 377.  Smoot decided not to testify at trial when he was untimely provided a copy of the letters that could be used to impeach him.  He alleges that earlier disclosure of the letters would have helped him ascertain the nature and authenticity of the letters, determine the circumstances of their preparation and permitted him to speak to the recipient

and investigate whether the recipient worked as a law enforcement informant, all of which inquiries were necessary, he claims, to "help [him] to decide whether or not to testify." Smoot's argument misapprehends his burden of proof on this issue. Notably, he fails to state how earlier, timely disclosure of the inculpatory evidence would have sustained his intended trial strategy to present testimony on his behalf, or otherwise altered his trial tactics. See Davis, 230 Va. at 204, 335 S.E.2d at 377 (holding that defendant must articulate "how . . . earlier disclosure [of inculpatory evidence] would have benefited [his] defense or altered the course of the trial" to demonstrate prejudice from the untimely disclosure of inculpatory evidence).

In the context of the facts of this case, Smoot's contention that he needed time to evaluate the authenticity of the letters and how they were prepared in order to determine the advisability of testifying in his defense is disingenuous. First, because Smoot has never contended he did not author the letters, his claim appears, at best, to be a "red herring." Even accepting his position, arguendo, verifying their authenticity and manner of preparation was a simple matter of consulting briefly with counsel at trial. Smoot not only had knowledge of the letters' authenticity and preparation at the time of trial, he was, and remains, the sole witness who could testify to those facts. He either wrote the letters or he did

not.  Yet, Smoot has not affirmatively challenged the authenticity of the letters and fails to explain why a continuance was necessary to address the point.

Similarly, because Smoot had the opportunity to determine the letters were authentic and has made no claim that he did not write them, his contention that he needed time to investigate the recipient's relationship with the police is unpersuasive. Smoot thus fails to state the relevance of the recipient's relationship with the police to his trial strategy, and we can discern none.  In short, Smoot fails to articulate how timely disclosure and additional "investigation" of the letters and their recipient would have altered his trial tactics, and we decline to construct a materially altered strategy on his behalf.  Moreover, we note that, while the disclosure of evidence in this case was untimely, it nonetheless led to a change in trial strategy which, in effect, shielded Smoot's credibility from challenge and inured to his benefit.  Any claim of prejudice, therefore, is belied.  Cf. Conway, 12 Va. App. at 716, 407 S.E.2d at 313 (finding prejudice where defendant, unaware of a tape recording that would show his testimony to be false, chose to testify and was impeached by the recording). Because Smoot has not carried his burden of demonstrating prejudice, we affirm his conviction.

Affirmed.

Benton, J., concurring, in part, and dissenting, in part.

I agree with the majority opinion's holding that the trial judge erred in ruling that the letters were not encompassed by the discovery order. I also agree that the prosecutor's supplemental discovery response was made in good faith. Despite those good faith efforts, however, the prosecutor's response was untimely. When late disclosure of discovery prejudices the right of an accused to have "sufficient time to investigate and evaluate the evidence in preparation for trial," and the trial judge denies the accused's motion for a continuance, the accused is entitled to a new trial. Lomax v. Commonwealth, 228 Va. 168, 173, 319 S.E.2d 763, 763 (1984).

Smoot was charged with possessing marijuana, which was found inside two pieces of paper on the floor of a basketball court. The pieces of paper were found approximately twelve inches from Smoot's feet and the feet of two other men, all of whom were sitting behind desks by the basketball court. Smoot entered a plea of not guilty.

Requesting a continuance, Smoot's attorney informed the judge that Smoot was incarcerated and that he had not been able to review the letters with Smoot to determine their authenticity, the circumstances of their preparation, or the means by which they came into the prosecutor's possession. He also informed the judge that he had intended for Smoot to "testify and had anticipated that it would be without any written admissions." Smoot's attorney said that, because of his uncertainty about the circumstances surrounding the letters, he had both "evidentiary"

and "ethical considerations with regard to whether [he was] in a position to let . . . Smoot testify or not." I believe that these representations by Smoot's attorney proffered circumstances which reasonably established prejudice to Smoot's "right to explore and develop this evidence." Id. at 173, 319 S.E.2d at 766.

As a consequence of not having the opportunity to investigate the letters and the circumstances surrounding them, Smoot's attorney represented to the judge that he had to abandon his trial strategy and "at the twelfth hour completely revamp the potential defense." Smoot's attorney had no opportunity to determine whether the letters were instigated by an agent of the police, how they came into possession of the police, whether they could be suppressed, or whether he needed to issue process for other witnesses to testify. The untimely delivery of the undated letters caused Smoot's attorney to abandon his previously considered strategy of having Smoot testify.

Instead of presenting Smoot's planned defense, Smoot did not testify and presented no witnesses. Obviously, if Smoot had testified, the prosecutor was prepared to examine him regarding the letters' contents. Smoot's attorney had no opportunity to assess how to counter that risk and whether to base Smoot's defense upon the testimony of other witnesses, who were present at the basketball court where the marijuana was found.

I would hold that the trial judge committed reversible error by refusing to grant a continuance. The lack of opportunity to determine whether proof could be mustered to counter the prosecutor's intended use of the evidence deprived Smoot of "the

right 'to call for evidence in his favor,' including 'the right to prepare for trial . . . and to ascertain the truth.'" Gilchrist v. Commonwealth, 227 Va. 540, 547, 317 S.E.2d 784, 788 (1984).  For these reasons, I would reverse the conviction and remand for a new trial.