BENTON, J.,
concurring, in part, and dissenting, in part.
I agree with the majority opinion’s holding that the trial judge erred in ruling that the letters were not encompassed by the discovery order. I also agree that the prosecutor’s supplemental discovery response was made in good faith. Despite those good faith efforts, however, the prosecutor’s response was untimely. When late disclosure of discovery prejudices the right of an accused to have “sufficient time to investigate and evaluate the evidence in preparation for trial,” and the trial judge denies the accused’s motion for a continuance, the accused is entitled to a new trial. Lomax v. Commonwealth, 228 Va. 168, 173, 319 S.E.2d 763, 763 (1984).
Smoot was charged with possessing marijuana, which was found inside two pieces of paper on the floor of a basketball court. The pieces of paper were found approximately twelve inches from Smoot’s feet and the feet of two other men, all of whom were sitting behind desks by the basketball court. Smoot entered a plea of not guilty.
Requesting a continuance, Smoot’s attorney informed the judge that Smoot was incarcerated and that he had not been *506 able to review the letters with Smoot to determine their authenticity, the circumstances of their preparation, or the means by which they came into the prosecutor’s possession. He also informed the judge that he had intended for Smoot to “testify and had anticipated that it would be without any written admissions.” Smoot’s attorney said that, because of his uncertainty about the circumstances surrounding the letters, he had both “evidentiary” and “ethical considerations with regard to whether [he was] in a position to let ... Smoot testify or not.” I believe that these representations by Smoot’s attorney proffered circumstances which reasonably established prejudice to Smoot’s “right to explore and develop this evidence.” Id. at 173, 319 S.E.2d at 766.
As a consequence of not having the opportunity to investigate the letters and the circumstances surrounding them, Smoot’s attorney represented to the judge that he had to abandon his trial strategy and “at the twelfth hour completely revamp the potential defense.” Smoot’s attorney had no opportunity to determine whether the letters were instigated by an agent of the police, how they came into possession of the police, whether they could be suppressed, or whether he needed to issue process for other witnesses to testify. The untimely delivery of the undated letters caused Smoot’s attorney to abandon his previously considered strategy of having Smoot testify.
Instead of presenting Smoot’s planned defense, Smoot did not testify and presented no witnesses. Obviously, if Smoot had testified, the prosecutor was prepared to examine him regarding the letters’ contents. Smoot’s attorney had no opportunity to assess how to counter that risk and whether to base Smoot’s defense upon the testimony of other witnesses, who were present at the basketball court where the marijuana was found.
I would hold that the trial judge committed reversible error by refusing to grant a continuance. The lack of opportunity to determine whether proof could be mustered to counter the prosecutor’s intended use of the evidence deprived Smoot of *507 “the right ‘to call for evidence in his favor,’ including ‘the right to prepare for trial ... and to ascertain the truth.’ ” Gilchrist v. Commonwealth, 227 Va. 540, 547, 317 S.E.2d 784, 788 (1984). For these reasons, I would reverse the conviction and remand for a new trial.