COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, McClanahan and Senior Judge Coleman


PETER J. ARCHULETA
                                        MEMORANDUM OPINION*
v.    Record No. 0368-03-4                  PER CURIAM
                                           JULY 29, 2003
FANNY A. OSCO


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
              J. Howe Brown, Jr., Judge Designate

         (Ted Kavrukov; Kavrukov & DiJoseph, on
         brief), for appellant.

         No brief for appellee.


    Peter J. Archuleta appeals the circuit court's order denying

his motion to hold Fanny A. Osco in contempt of court.  Archuleta

contends the circuit court erred in holding that the evidence was

insufficient to find Osco in contempt.  Upon reviewing the record

and the opening brief, we find that this appeal is without merit.

Accordingly, we summarily affirm the decision of the circuit

court.  Rule 5A:27.

    By order entered August 10, 1999, the Fairfax County Juvenile

and Domestic Relations District Court (JDR court) established

visitation provisions regarding the parties' minor child.  In

pertinent part, the order reads:

---

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

> [A]t any time when the child is scheduled to be with one parent and the scheduled parent is not available, the scheduled parent shall notify the other, and the child shall be with the other parent if that parent is available. This provision takes precedence over leaving the child with a third-party care provider.

Subsequently, Archuleta became aware that Osco occasionally cleaned houses on Saturday mornings when she was the "scheduled parent." Archuleta hired a private investigator to set up a "sting" operation to prove that Osco did so. The investigation determined that whenever Osco cleaned houses for a few hours on a Saturday, she left the child at her residence with her husband.

Based on this evidence, Archuleta filed a motion to hold Osco in contempt of court for violating the JDR court's order. After hearing the evidence, the circuit court denied the contempt motion, finding that "[t]here is no evidence that [Osco] works on a regular basis."

"A trial court 'has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order.'" Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (citation omitted). Whether a party is in contempt is a matter left to the discretion of the trial court, whose decision "we may reverse . . . only if we find that it abused its discretion."

-

Barnhill v. Brooks, 15 Va. App. 696, 704, 427 S.E.2d 209, 215 (1993).

On this record, we cannot say that the circuit court abused its discretion. The evidence supports the court's factual finding that Osco did not work on Saturdays on a regular basis. Archuleta presented no evidence that Osco acted in bad faith or willfully disobeyed the JDR court's order.

Moreover, the provisions of an order must be interpreted reasonably. See Smoot v. Commonwealth, 37 Va. App. 495, 500, 559 S.E.2d 409, 412 (2002). Archuleta's interpretation of the order would require the "scheduled parent" to notify the "other parent" whenever the "scheduled parent" intended to leave the child for relatively brief periods to attend to daily obligations. Such an interpretation of the JDR court's order would be an absurdity. We find no abuse of discretion in the circuit court's reasonable and common sense conclusion that Osco did not act in contempt of the court order by failing to notify the other parent that she would leave the child with her husband while she cleaned a few houses for several hours on Saturday mornings.

Accordingly, we summarily affirm the decision of the circuit court. Rule 5A:27.

                                                Affirmed.

-