COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Beales and Powell
Argued at Richmond, Virginia

LLOYD ANTHONY THOMPSON

MEMORANDUM OPINION[*] BY
v.     Record No. 2427-09-2          JUDGE ROBERT P. FRANK
OCTOBER 26, 2010

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

Catherine French, Supervising Assistant Public Defender (Office of
the Public Defender, on briefs), for appellant.

Jennifer C. Williamson, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Lloyd Anthony Thompson, appellant, was convicted, in a bench trial, of robbery, in

violation of Code § 18.2-58, carjacking, in violation of Code § 18.2-58.1, abduction, in violation of

Code § 18.2-48, and three counts of use of a firearm in the commission of those felonies, in

violation of Code § 18.2-53.1. On appeal, appellant asserts the trial court erred in: 1) denying his

motion for a continuance; 2) admitting testimony that appellant was identified by the victim from a

photographic lineup; and 3) revoking a portion of a previously suspended sentence, based on the

subject offenses. For the reasons stated, we affirm.

BACKGROUND

At midnight on December 4, 2008, victim got out of his car in a well-lit parking lot of his

apartment complex. Appellant, who was standing five to ten feet from victim, pointed a gun at

victim and ordered him to get back into his car. Victim immediately recognized appellant from

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

previous encounters, not more than several months earlier. Victim asked, "haven't I seen you before . . . ?" Victim recognized appellant's face, which was illuminated by the parking lot lights.

While in the car, appellant robbed victim of his wallet and its contents. Appellant asked if victim had money in any bank, then forced victim at gunpoint to drive to several area banks. Ultimately, appellant robbed victim of cash withdrawn from victim's ATM. While appellant admonished victim not to look at him, victim again had an opportunity to view appellant's face when appellant let victim out of the vehicle. Throughout the forty-five-minute to one-hour ordeal, appellant continued to brandish his gun at victim.

At trial, victim testified he had twice previously interacted with appellant within the last several months. On two other occasions, while victim did not see appellant's face, he did recognize appellant's voice as the same voice he heard during the instant offenses. At trial, victim identified appellant as the perpetrator based on his facial features, his voice, height, and build.

During his investigation, Detective Thomas O'Dell of the Richmond Police Department compiled a photo lineup. O'Dell showed victim the lineup, and victim identified appellant as the perpetrator. Because the identity of the perpetrator was the sole issue before the fact finder at trial, admissibility of this evidence is an issue on appeal.

Appellant presented alibi witnesses placing appellant at a different location at the time of these offenses. Appellant denied any involvement in these offenses.

Prior to trial, the trial court entered a consent discovery order requiring the Commonwealth to provide defense counsel with "[a]ny designated books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, that are within the possession, custody, or control of the Commonwealth, upon a showing that the items sought may be material to the preparation for the defense and that the request is reasonable." Such materials must be produced "no later than ten days before trial." The Commonwealth timely responded to the discovery order. However, after

5:00 p.m. on the eve of trial, appellant's counsel learned for the first time of the existence of the photo lineup prepared by Detective O'Dell. Counsel immediately went to the Commonwealth's attorney's office to inspect the file, including the photo array.

At trial the following day, appellant's counsel asked for a continuance based on his late discovery of the photo identification. He premised his motion on the following: The identify of the perpetrator is the key issue in the trial; counsel has not had time to review that evidence with his client; late disclosure has prejudiced appellant by not affording counsel adequate time to formulate a strategy to deal with eyewitness identification because the photo identification "significantly bolsters" the Commonwealth's evidence; and existence of the lineup interferes with appellant's ability to enter into a meaningful plea negotiation.

The Commonwealth opposed the motion. The trial court denied the motion for a continuance but excluded the photo lineup sheet from evidence. However, the trial court did allow testimony that victim viewed the photo spread and identified appellant as the perpetrator. The trial court explained that the testimony regarding the photo identification "may have little or no weight since the court will never see [the lineup]" and noted that the photo lineup merely established the basis for the arrest.

At trial, when the prosecutor asked Detective O'Dell if victim identified anyone in the photo spread, appellant again objected based on the discovery violation. In overruling that objection, the trial court indicated "it's not being offered to show identity, but to show that he is actually the person who is seated next to you who is Lloyd Thompson."

### ANALYSIS

Appellant contends the trial court abused its discretion in not granting a continuance, thus, violating his right to a fair trial and due process. His motion for the continuance is premised on his

late discovery of the photo array.  Inextricably related to this issue is appellant's contention that the trial court erred in allowing testimony that he was identified as the perpetrator from a photo spread.[1]

"[A]n accused has a constitutional right 'to call for evidence in his favor,' Va. Const. art. I, § 8, which includes the right to prepare for trial by procuring both testimonial and documentary evidence." Gilchrist v. Commonwealth, 227 Va. 540, 545, 317 S.E.2d 784, 787 (1984) (citation omitted).  "In order to prepare for trial, an accused and his counsel must have sufficient time to investigate the case and to evaluate the evidence that is procured." Id. at 546, 317 S.E.2d at 787.  When a court has no reason to believe that a motion for a continuance is spurious, it should seriously consider whether a failure to grant the continuance may "imperil the just determination of the cause." Myers v. Trice, 86 Va. 835, 842, 11 S.E. 428, 430 (1890).  As the Supreme Court said in Smith v. Commonwealth, 155 Va. 1111, 1117, 156 S.E. 577, 579 (1931), "[a]n ideal system of laws would be one in which speedy justice is administered, but justice and not speed should be its paramount purpose."

> Whether to grant or deny a continuance rests within the "sound discretion" of the trial court. Ortiz v. Commonwealth, 276 Va. 705, 722, 667 S.E.2d 751, 762 (2008) (quoting Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007)).  An appellate court can reverse only if the trial court committed an "abuse of discretion" and thereby caused "resulting prejudice." Id.  This "two-pronged" test, Lebedun v. Commonwealth, 27 Va. App. 697, 712, 501 S.E.2d 427, 434 (1998), has long been the standard under Virginia practice.

---

[1] The Commonwealth counters that both of these arguments are waived due to appellant's failure to make these specific arguments to the trial court pursuant to Rule 5A:18.  The purpose of Rule 5A:18 is "to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals." Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002).  Counsel informed the court that appellant should have been "apprised of [the photo array] before trial in a meaningful way for several different reasons[,]" including, but not limited to, counsel's ability to formulate a strategy to deal with this eyewitness identification.  Thus, our review of the record convinces us that appellant made the appropriate arguments to the trial court and we will address them as they are presented to us on appeal.

Satisfying both prongs of the test is "essential to reversal." Butler v. Commonwealth, 264 Va. 614, 621, 570 S.E.2d 813, 817 (2002) (citations omitted). "The absence of one renders inconsequential the presence of the other." Bolden [v. Commonwealth], 49 Va. App. [285,] 290, 640 S.E.2d [527,] 529 [(2007)]. "We cannot reverse if a defendant 'has shown no prejudice resulting from what he claims was an abuse of discretion' in granting or denying a continuance motion." Id. (quoting Quintana v. Commonwealth, 224 Va. 127, 135, 295 S.E.2d 643, 646 (1982)). Prejudice, moreover, "may not be presumed; it must appear from the record." Id. (quoting Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 510 (1990)).

Cooper v. Commonwealth, 54 Va. App. 558, 565-66, 680 S.E.2d 361, 364-65 (2009).

Appellant contends the failure to grant a continuance because of the untimely revelation of the photo spread prevented him from: calling evidence in his favor; properly preparing for trial; strategizing how best to address this evidence; discussing a possible plea agreement; investigating and evaluating this new evidence; and exploring the circumstances surrounding the creation of the photo spread, allowing him to challenge victim's identification of appellant in the photo spread for use in cross-examination and impeachment of the victim's identification. Appellant concludes he was prejudiced by the trial court's ruling.

Appellant cites Gilchrist, 227 Va. 540, 317 S.E.2d 784, to support his position that he was denied his right to prepare for trial and to call for evidence in his favor. However, Gilchrist is readily distinguishable on its facts. Gilchrist was charged with capital murder. In violation of a discovery order, the Commonwealth failed to timely provide the accused with a final autopsy report, toxicology and ballistic reports, autopsy photographs, and gunpowder residue test results. Id. at 544, 317 S.E.2d at 786. The Supreme Court of Virginia found the trial court erred in not granting a continuance. Id. at 547, 317 S.E.2d at 788. In this factual context, the Court concluded Gilchrist was denied a fair and impartial trial because substantial evidence was not timely given to the accused, thus preventing him from properly preparing for trial. Id.

Appellant also relies on Lomax v. Commonwealth, 228 Va. 168, 319 S.E.2d 763 (1984), to support his argument. In Lomax, the accused was charged with murder and claimed he killed the deceased in self-defense. Id. at 171, 319 S.E.2d at 765. The Commonwealth did not produce a toxicology report containing a list of drugs found in the victim's blood until the day of trial. Id. at 171, 319 S.E.2d at 764. Counsel argued he needed a continuance to obtain an expert opinion on whether the drugs would have made the victim more aggressive. Id. at 171, 319 S.E.2d at 765. The trial court denied the continuance motion. Id. The Supreme Court held that the trial court abused its discretion in not granting a continuance since the toxicology report was central to Lomax's defense in the case. Id. at 173, 319 S.E.2d at 766. We find the facts in Lomax differ greatly from those in the instant case.

Before we can evaluate whether the failure to grant a continuance prejudiced appellant, we first must address the nature and implications of the admissibility of the photo spread. The continuance issue is inextricably bound to whether the trial court erred in allowing Detective O'Dell to testify that the victim identified appellant in the photo spread as the perpetrator.

When a trial court admits relevant and material evidence at trial which was not disclosed as required by a discovery order, there is no reversible error in the absence of a showing of prejudice to the defendant. Davis v. Commonwealth, 230 Va. 201, 204-05, 335 S.E.2d 375, 377-78 (1985).

Assuming without deciding the Commonwealth violated the discovery order, we conclude appellant was not prejudiced either by the denial of the continuance or in the trial court's limited consideration of Detective O'Dell's testimony concerning the photo spread identification.

"'The admissibility of evidence is within the broad discretion of the trial court, and [its ruling thereon] will not be disturbed on appeal in the absence of an abuse of discretion.'" Jones

v. Commonwealth, 38 Va. App. 231, 236, 563 S.E.2d 364, 366 (2002) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). For the following reasons, we conclude the trial court did not abuse its discretion in admitting Detective O'Dell's testimony concerning the photo spread and identification of appellant in the photo spread.

The record clearly demonstrates that appellant was not prejudiced by the trial court's rulings. It must be remembered the trial court explained on two occasions that the photo identification testimony carried insignificant evidentiary value. First, during the pretrial motion for the continuance, the trial court noted that the detective's testimony concerning the victim's identification of appellant in the spread "may have little or no weight since the court will never see [the photo spread]." Again during the trial, in overruling counsel's objection to the identification testimony, the court indicated, "it's not being offered to show identity, but to show he is actually the person who is seated next to [counsel] who is Lloyd Thompson."

The Commonwealth argues that even if failure to provide appellant with the photo spread violated the discovery order, that piece of evidence was excluded by the trial court. Therefore, the Commonwealth concludes, appellant cannot complain of the lack of disclosure. We find this argument to ignore the fact that the detective's testimony was based on the photo spread, even though it was not admitted into evidence.

Under Code § 19.2-265.4, in the case of a discovery violation, "the court may order the Commonwealth to permit the discovery or inspection, grant a continuance, or prohibit the Commonwealth from introducing evidence not disclosed, or the court may enter such other order as it deems just under the circumstances." "The relief to be granted following the late disclosure of evidence is within the trial court's discretion. Absent a showing that the late disclosure prejudiced the defense, it is not an abuse of discretion for the trial court to refuse to exclude the challenged evidence." Knight v. Commonwealth, 18 Va. App. 207, 212, 443 S.E.2d 165, 168

- 7 -

(1994). Here, as a sanction for non-disclosure, the trial court did not allow the introduction of the photo spread, nor did it consider the derivative identification as substantive evidence of the identity of the perpetrator. The trial court did not abuse its discretion in formulating the relief granted.

The photo array, by itself, has no evidentiary value. It is simply a series of unidentified photographs. Only when a witness identifies a photograph as that of the perpetrator does it gain evidentiary worth. It cannot be disputed that even though the photo spread was not in evidence, O'Dell's identification testimony was based solely on the photo spread. It is apparent the trial court understood this and indicated it would give that identification little or no weight. The trial court unequivocally stated it did not accept the challenged testimony to prove the identity of the perpetrator.

Thus, from the trial court's own words we can conclude that the challenged testimony had no impact on the identification of the perpetrator.

> Prejudice cannot be shown where, as here, "the trial judge was the trier of fact and, upon learning of the undisclosed information," rules unequivocally that the impeachment evidence "would have had no impact" on the factfinding underlying the defendant's conviction. Correll v. Commonwealth, 232 Va. 454, 466, 352 S.E.2d 352, 359 (1987). When a trial judge, sitting as "both trier of fact and arbiter of law," finds the [discovery] evidence inconsequential, there can be "no logical possibility" that its earlier disclosure "would have altered the outcome of the case." Stroik v. State, 671 A.2d 1335, 1340 (Del. 1996). Under such circumstances, we need not hypothesize how a reasonable jury would likely have reacted to the new information. We know with certitude, from the factfinder himself, that the outcome of the proceeding would not have been different had the evidence been disclosed earlier.

Deville v. Commonwealth, 47 Va. App. 754, 757, 627 S.E.2d 530, 532 (2006).

Appellant's entire appeal presupposes the photo spread played a significant role in the trial court's finding of guilt. However, the trial court indicated it was not even a factor. The

- 8 -

testimony did not establish the identity of the perpetrator; it simply provided a basis for the arrest.

Therefore, there was nothing further for appellant to investigate, prepare for trial, produce additional evidence, determine the propriety of the photo spread, or formulate a strategy on how best to deal with that evidence. Simply put, there could be no prejudice because victim's identification of appellant in the photo spread was not admitted to identify the perpetrator nor did it have any impact on the trial court's finding that appellant did in fact commit the subject crimes.

Since we find no prejudice, we conclude the trial court did not err in not granting a continuance nor in admitting the testimony concerning the photo spread identification.

Lastly, appellant contends the trial court erred in revoking his previously suspended sentence. A trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). In revocation appeals, the trial court's "'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" Keselica v. Commonwealth, 34 Va. App. 31, 35, 537 S.E.2d 611, 613 (2000) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991)).

Here, the trial court revoked appellant's suspended sentence because he was found guilty of the robbery, abduction, carjacking, and use of a firearm during each of these felonies. Having affirmed appellant's convictions, appellant has failed to demonstrate that the trial court abused its discretion in revoking the suspended sentence.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>