## CIRCUIT COURT OF DINWIDDIE COUNTY

Commonwealth of Virginia

   v.

Russell Ervin Brown

### Case No. CR13-230

By Judge Paul W. Cella

March 1, 2016

I am writing to follow up on the hearing that was held February 29, 2016. The motions that were discussed at the hearing are the motions that are listed in defendant's Amended Hearing Notice dated February 26, 2016.

*Defendant's Motion To Strike*
*"Continuing Serious Threat" Aggravating Element*
*as Unconstitutionally Vague*

Based on *Johnson v. United States,* 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), defendant argues that the phrase "continuing serious threat" in Virginia Code § 19.2-264.2 is unconstitutionally vague. At page 10, footnote 3, of his motion, defendant concedes that, under pre-*Johnson* case law, Virginia has rejected the argument that the phrase "continuing serious threat" is unconstitutionally vague. Therefore, the only question is whether *Johnson* changes the result. The Commonwealth argues that *Johnson* is distinguishable because it deals with a Federal statute, the Armed Career Criminal Act of 1984, that involves a confusing definition of the term "violent felony," and it was not intended to invalidate all state criminal laws that deal with some assessment of risk as regards individual defendants.

On page 12 of the opinion in *Johnson,* Justice Scalia acknowledges the argument that his ruling regarding the Armed Career Criminal Act of 1984 might invalidate "dozens of federal and state criminal laws" that involve assessment of risk, but he says that this argument is false. The reason that it is false is that other criminal laws "call for the application of a quantitative standard such as 'substantial risk' to real-world conduct" of an individual

defendant, based on the facts of the specific case, rather than an abstract definition of the term "violent felony." In other words, the constitutional flaw in the Armed Career Criminal Act of 1984 was that it required analysis of crimes in the abstract and not in the real world.

I agree with the Commonwealth that *Johnson* should be limited to the Armed Career Criminal Act of 1984, and I do not believe that it means that it means that the phrase "continuing serious threat" in Virginia Code § 19.2-264.2 is unconstitutionally vague. In other words, I do not believe that *Johnson* precludes an individualized assessment of risk as regards defendant under Virginia State law. Therefore, this motion is overruled.

### Defendant's Motion To Dismiss Capital Indictments or To Bar the Death Penalty for Failure To State an Offense Punishable by Death

Based on *Muhammad v. Commonwealth,* 269 Va. 451, 619 S.E.2d 16, cert. denied, 547 U.S. 1136, 126 S. Ct. 2035, 164 L. Ed. 2d 794 (2006), this motion is denied.

### Defendant's Motion for a Pre-Admissibility Hearing on the Admissibility of Victim Impact Statements

Defendant asks for a "pre-admissibility hearing" to determine whether the Commonwealth's victim impact statements comply with the limits that are specified in Virginia Code § 19.2-299.1. The Commonwealth objects on the ground that there is no authority that mandates pretrial disclosure of victim impact statements.

In my opinion, the Commonwealth is correct. I believe that I should evaluate the admissibility of victim impact statements when the Commonwealth actually attempts to introduce them into evidence. If they comply with Virginia Code § 19.2-299.1, they will be admissible, and if they do not comply with Virginia Code § 19.2-299.1, they will be inadmissible. If I were to grant defendant's motion, I would be giving him pretrial discovery that is not permitted under current court rules. Therefore, this motion is denied.

### Defendant's Motion for Change of Venue

There is a presumption that a defendant can receive a fair trial in the jurisdiction in which the offense is alleged to have occurred, and the fact that a case has had extensive publicity does not necessarily mean that a defendant is entitled to a change of venue. See, *e.g., Stockton v. Commonwealth,* 227 Va. 124, 314 S.E.2d 371, cert. denied, 469 U.S. 873, 105 S. Ct. 229, 83 L. Ed. 2d 158 (1984). I am not prepared to move this case to a different jurisdiction without even attempting to seat a jury. Therefore, this motion is denied.

*Motion To Strike Paragraphs One and Three
of the Commonwealth's Notice
of Unadjudicated Criminal Conduct*

Defendant objects to paragraph 1 of the Commonwealth's Notice of Unadjudicated and Adjudicated Criminal Conduct, which refers to "[a]ny and all admissions by the defendant of unadjudicated bad acts contained in discovery and disclosure materials provided to the defense by the Commonwealth," on the ground that it does not give him sufficient notice of the conduct involved. The Commonwealth argues that the defendant cannot complain that he does not know about something when he has admitted it and when the Commonwealth has provided it to him in discovery.

I agree with the Commonwealth. Defendant's analysis seems illogical to me. I think if the defendant has admitted certain conduct, he cannot complain that it is a surprise to him. In addition, on pages 3 and 4 of his motion, the defendant says that he is entitled to investigate whether an alibi defense may be available. It does not make any sense to present an alibi defense if you admit that you did something. Defendant's motion is denied.

*Defendant's Motion To Bar Death Penalty
Based upon the International Covenant on Civil
and Political Rights and Customary International Law*

Defendant has cited no authorities that apply the International Covenant on Civil and Political Rights to Virginia's laws regarding capital punishment. Therefore, this motion is denied.

*Defendant's Amended Motion for Continuance*

This motion was not filed until February 29, 2016. The defense has therefore violated the court's order of November 6, 2013, which requires all motions to be filed "no later than twenty-one days in advance of the hearing." Nevertheless, I agreed to hear argument on this motion.

I am not going to continue this case based on the defense's general claims that it needs additional time. As I mentioned in my opinion of February 22, 2016, the defense has had plenty of time. Nevertheless, I am concerned about the fact that Dr. Nelson's report is not ready, because I believe that, under Virginia Code § 19.2-168.1, the defense is entitled to that report. See *Lomax v. Commonwealth,* 228 Va. 168, 319 S.E.2d 763 (1984) (abuse of discretion to deny continuance in murder case when Commonwealth delivered toxicology report "just hours before trial"); *Gilchrist v. Commonwealth,* 227 Va. 540, 317 S.E.2d 784 (1984) (abuse of discretion to deny continuance in murder case when Commonwealth delivered some discovery materials the day before trial, produced some for the first time at trial, and never produced others). Therefore, I will take this

motion under advisement, pending the receipt of Dr. Nelson's report, then make a decision when this report is available.

I will reiterate that I am taking this motion under advisement for the sole purpose of waiting for Dr. Nelson's report. The defense will not be allowed to reargue its other points regarding this motion.

## June 4, 2016

I am writing to follow up on the hearing that was held June 3, 2016.

### Defendant's Motion To Unseal the Juror Questionnaires

At the hearing, defendant conceded that (1) Governor McAuliffe's order of April 22, 2016, was not retroactive, and (2) the juror questionnaires for our case were in accordance with the law that applied at the time that they were done. Since Governor McAuliffe's order of April 22, 2016, was not retroactive, it simply does not apply to our case. In other words, it is irrelevant. Therefore, this motion is denied.

### Defendant's Renewed Motion for Change of Venue

This motion is merely a rehash of the Motion for Change of Venue that I rejected in my opinion of March 1, 2016. For the reasons stated in that opinion, the Renewed Motion for Change of Venue is denied.

### Defendant's Motion To File Renewed Motion for Change of Venue Under Seal

By letter dated May 6, 2016, Ms. Reiner asked the Clerk to file defendant's Renewed Motion for Change of Venue under seal. In an electronic mail message dated May 6, 2016, I asked counsel to tell me their positions on whether a request to seal this motion could be addressed by letter alone or whether a motion was necessary. Subsequently, defendant filed a motion, and the issue is now ripe for decision.

In my opinion, there is no justification for this motion. Once again, defendant is rehashing his argument regarding publicity, which I rejected in connection with his initial motion for change of venue. This motion is denied.

## June 16, 2016

I am writing to follow up on Mr. Shelley's letter of June 15, 2016.

*Defendant's Motion To Re-Summons
the Previously Excused Two Felon Jurors*

I will not allow defendant to file this motion. This argument should have been included in defendant's Motion To Unseal the Juror Questionnaires. Moreover, in light of my ruling that Governor McAuliffe's order of April 22, 2016, was not retroactive, this argument is frivolous and irrelevant anyway.

*Defendant's Motion for a Full Evidentiary Hearing
Concerning Mr. Brown's Mental Health Surrounding the Time
of the Offense or To Bar Death Penal Due
to Mr. Brown's Serious Mental Illness
at the Time of the Offense*

I will not allow defendant to file this motion. Dr. Nelson's opinion was provided April 8, 2016. There is no excuse for defendant to wait for over two months to file this motion.