# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## STAUNTON MUTUAL TELEPHONE CO. v. BUCHANAN.

### November 19, 1908.

1. PLEADING—*Joint Tort Feasors—How Sued—Dismissal or Non-Suit as to One.*—Co-trespassers are jointly and severally liable, and the party injured may sue all of them jointly, or two or more of them jointly, or each one of them severally, as he may see proper; and if he elects to sue two jointly, he may dismiss, discontinue, *non pros.* or *nolle pros.* as to either, and afterwards take a non-suit as to the other, and there will be no release of either, or bar to a future action against either for the same cause.

2. PLEADING—*Joint Tort Feasors—Separate Actions—Satisfaction by One—Abandonment—Judgment Against One Only Without Satisfaction.*—If separate actions are brought against several tort feasors for the same wrong, neither action is a bar to the others until a stage has been reached in some one of the actions at which the plaintiff is deemed in law, either to have received satisfaction, or to have elected to reply upon the one proceeding for his remedy to the abandonment of the others. That stage is reached in this State when there is a recovery and judgment against one of the wrongdoers; such a judgment being a discharge of the others, and a bar to any further action against them for that cause of action.

3. PLEADING—*Joint Tort Feasors—Several Actions—Judgment in Favor of One—Effect.*—A judgment in favor of one tort feasor is no bar to an action against another for the same wrong where the record in the first action only shows that the plaintiff did not have any cause of action against the defendant in that case, but does not show that the plaintiff could have no cause of action against either defendant.

4. PLEADING—*Plea Bad in Part.*—A plea which professes to go to the whole of the plaintiff's declaration containing two counts, but at most only answers the cause of action set up in one count thereof is bad.

5. VERDICT—*Evidence to Support—Negligent Fires—Case at Bar.*—The evidence in this case tends to strongly show that the plaintiff's

house was set on fire and burned through the negligence of the defendant, and there is no evidence in the case to show that it was reasonably probable that the fire originated in any other manner. It is sufficient to sustain the verdict of the jury in favor of the plaintiff whether they based it upon one or both counts of the declaration.

Error to a judgment of the Corporation Court of the city of Staunton in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Patrick & Gordon* and *R. S. Ker,* for the plaintiff in error.

*Timberlake & Nelson, Jos. A. Glasgow* and *S. S. P. Patteson,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

The first error assigned is to the action of the court in striking out three special pleas filed by the plaintiff in error, the defendant in the corporation court.

In the month of December, 1905, a fire occurred in the storehouse of the defendant in error, the plaintiff in the court below. In the following February the plaintiff instituted his action of trespass on the case against the Staunton Mutual Telephone Company and the city of Staunton. The declaration in that case contained two counts, one against the telephone company, and the other against the city of Staunton, for negligently causing the fire.

The telephone company demurred to the declaration, upon the ground, among others, that "the declaration does not state a joint cause of action against the defendants, but sets up a separate cause of action against each defendant, thus bringing two suits in one action, and that the whole declaration is bad." The city of Staunton united in the demurrer.

The circuit court, being of opinion that there was a misjoinder of parties, sustained the demurrer, ordered the cause to be abated as to the city of Staunton, and gave the plaintiff leave to amend his declaration by striking out the count against the city. After the amendment and a mistrial in the case, the plaintiff took a non-suit.

During the same month in which that action was instituted, the plaintiff brought his action against the city of Staunton in the same court. In the declaration in that cause it was averred that the fire was caused by the negligence of the city. The trial in that cause upon the plea of not guilty resulted in a verdict and judgment in favor of the city.

After the plaintiff had taken the non-suit in the former and there had been a judgment against him in the latter cause, he brought this action against the said telephone company. It filed the plea of not guilty and three special pleas, which special pleas, as before stated, were stricken out upon motion of the plaintiff.

The defense set up in special pleas numbered one and three was, in substance, that if the telephone company was guilty of the trespass complained of, it was jointly guilty with the city of Staunton, and as there had been a verdict and judgment in favor of the city in the said action against it by the plaintiff, he was estopped from prosecuting this action against the telephone company.

The defense relied on in special plea numbered two was, that the dismissal or abatement of the said action as to the city of Staunton in the said action in which the non-suit was afterwards taken, operates as a release of that city of the injury complained of, and that the release of the city enured to the benefit of, and was a release of, the defendant telephone company from all liability on account of the said trespass, which it was alleged was the same as that upon which this action is based.

Upon the motion to strike out the special pleas, it was agreed by the parties that the records in the said causes lately pending in the circuit court should be considered as evidence.

The facts set up in special plea No. 2 constituted no defense to the plaintiff's action, even if the telephone company and the city of Staunton had been sued in the first-named cause as joint tort feasors.

Co-trespassers are jointly and severally liable, and the party injured may sue all of them jointly, or two or more of them jointly, or one of them severally, as he may see proper.  *Riverside Cotton Mills* v. *Lanier,* 102 Va. 148, 45 S. E. 875; 5 Rob. Pr., 73; 1 Cooley on Torts (3rd ed.) 224.

As the plaintiff had the right to sue the telephone company and the city of Staunton (if they were joint wrongdoers) jointly or severally, he had the right after he had sued them jointly to dismiss, discontinue, *non pros.,* or *nolle pros.,* as to either, and afterward take a non-suit as to the others, and there would be no release of the liability of either or bar to a future action against either for the same cause.  See 1 Chitty's Pl. (10th ed.) 567-8; note 2 of Sergeant Williams in the case of *Salmon* v. *Smith,* 1 Saunders Rep. 206, 207, &c.; 4 Min-Inst. (1st ed.) 781-2; *Ammonett* v. *Harris, &c.,* 1 H. & M. 488; *Coffman & Richardson* v. *Russell,* 4 Munf. 207; *Muse* v. *Farmers Bank,* 27 Gratt. 252, 257.

Neither do special pleas numbered one and three set up such a state of facts as would bar the plaintiff's right to recover in this case.  Since the injured party may bring a several action against every co-trespasser, if he desires to do so, neither action is a bar to the others until a stage has been reached in some one of the actions at which the plaintiff is deemed in law, either to have received satisfaction or to have elected to rely upon one proceeding for his remedy to the abandonment of the others. 1 Cooley on Torts (3rd ed.), 231.

As to what that stage is, the cases are not in accord.  In some jurisdictions it is held that it is not reached until an actual sat-

isfaction has been received, and that is the doctrine generally prevailing in this country.    1 Cooley on Torts, 232-234; 7 Rob. Pr. 209.

In other jurisdictions it is held that it is reached when the plaintiff has recovered a judgment upon which he has caused an execution to be issued.    1 Cooley on Torts, 234.

In England and in this State, that stage is held to· be arrived at when there is a recovery and judgment against one of the wrongdoers. . Such a judgment is deemed in law a satisfaction of the plaintiff's claim, so far as the other tort feasors are concerned, or a final election to proceed against that wrongdoer alone, is a discharge of the others and a bar to any further action against them for that cause of action.    7 Rob. Pr. 205, 208, 219-20; *Ammonett* v. *Harris, supra; Wilkes* v. *Jackson,* 2 H. & M. 355; *Peticolas* v. *City of Richmond,* 95 Va. 486, 28 S. E. 566, 64 Am. St. Rep. 811.

It may be (but it is unnecessary to consider that question), as insisted by the defendant, that a judgment in favor of one of two tort feasors, when sued alone, would bar an action against the other for the same cause, if the judgment was based upon a defense which showed that the plaintiff could have no cause of action against either.    (23 Cyc. 1213.)    But if this were true, the judgment relied on in this case in said pleas (1 and 3) would not be a bar.    Those pleas, when read in connection with the record in the case in which that judgment was rendered, not only do not show that the plaintiff could have no cause of action against either, but only shows that he did not have a cause of action against the city of Staunton.    There are two counts in the declaration in this case—one based upon the negligence of the telephone company in permitting its wires to come in contact with the wires of the city's electric lighting system, heavily charged with electricity; and the other based upon the negligence of the telephone company in failing to use and install a device in general use among telephone companies, known as a fuse block, in the plaintiff's store.

The special pleas (1 and 3) professed to go to the whole of the plaintiff's declaration, but at most only answered the cause of action set up in the first count, and furnished no defense to that set up in the second count. The pleas, even if they set up a good defense to the case made by the first count, were bad, and properly stricken out by the court, for it is well settled that plea is not good which professes to go to the whole action, but only answers a part of it. *Hunt's Admr.* v. *Morton's Admr.,* 8 Gratt. 578; *Richmond Ice Co.* v. *Crystal Ice Co.,* 99 Va. 239, 37 S. E. 851; *Merriman* v. *Cover, Drayton, &c.,* 104 Va. 428; 51 S. E. 817; 4 Min. Inst. (1st ed.), 653-4; 5 Rob. Pr. 165.

The second error assigned is to the action of the court in instructing the jury. That assignment of error, which is very general, does not seem to be much relied on, either in the petition or the brief of the plaintiff in error, and if it were does not require any discussion of the instructions in detail. When considered as a whole it is clear that the jury could not have been misled by any of them, as is contended, and that they submitted the case to the jury as favorably to the defendant as it was entitled to have it done.

The remaining assignment of error is to the refusal of the court to set aside the verdict.

There is no question that there was a fire in the plaintiff's storehouse, and that the damages resulting to him therefrom were equal to the amount found by the jury. There was evidence that the fire started in the corner of the building where the 'phone was located; that about two hours before the storehouse was discovered to be burning, a fire did occur in a cable box on a telephone pole near Gibson's corner, from which point the wires ran into the plaintiff's storehouse; that the defendant's wires not far from that corner crossed under the heavily-charged wires of the city's electric light system, and so near to them (one inch) that they might come in contact with them, and had on several occasions given trouble because of such contact; that the city wires were as high as they could be placed on

the poles and that it had notified the telephone company that the latter's wires had been placed too near the electric light wires, and requested it to lower them, as could have been done, but no attention was paid to the request, though several times made; that the defendant had failed, when the 'phone was installed in the storehouse to put in a fuse block, an appliance in common use, which was intended to and did prevent the flow of electricity when unduly heavy, and the consequent damages resulting therefrom; that on the night of the fire there was trouble with the 'phone, of which the defendant had notice. The conduct and admissions of the president and general manager of the defendant at and about the time of the fire tended to show that they believed that the 'phone was the cause of the fire, as did the statement of the electrician of the Southeastern Tariff Association who represented fifty or more insurance companies, and was sent to the scene of the fire to examine into its origin. There is no evidence in the cause which shows that it was reasonably probable that the fire originated in any other manner.

There is sufficient evidence to sustain the verdict of the jury, whether they based it upon one or both counts of the declaration.

We are of opinion that the judgment complained of should be affirmed.

*Affirmed.*