COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Kelsey and McClanahan
Argued at Richmond, Virginia


GEORGE JULIOUS ROE, S/K/A
  GEORGE JULIUS ROE
                                                    OPINION BY
v.       Record No. 3030-03-2          JUDGE ELIZABETH A. McCLANAHAN
                                                    MARCH 8, 2005
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Bradley B. Cavedo, Judge

              Andrea C. Long (David E. Boone; Boone, Beale, Cosby & Long,
              on brief), for appellant.

              Steven A. Witmer, Assistant Attorney General (Jerry W. Kilgore,
              Attorney General, on brief), for appellee.


       George Julious Roe appeals from a decision of the trial court allowing the

Commonwealth to re-indict him on the same offenses for which indictments had previously been

dismissed.  For the following reasons, we affirm the trial court.

                                   I.  Background

       Roe was indicted by a grand jury for abduction, using a firearm in the commission of

abduction, possession of a firearm by a felon, and discharging a firearm in an occupied dwelling.

When the case was called for trial, Roe did not appear because he was in federal custody.  The

Commonwealth moved for a continuance.  A judge of the trial court denied the continuance.  At

that point, the Commonwealth made a motion to dismiss the charges, which was granted.  The

trial court entered a written order dismissing the indictments, but did not note whether the

dismissal was with or without prejudice.

Roe was later re-indicted and was tried on the same offenses. Prior to the trial, Roe moved to dismiss the reindictments on the basis that previous indictments for the same offenses had been dismissed. The trial court judge denied the motion, holding that the dismissal was actually a *nolle prosequi*. Roe was then tried and convicted for abduction, using a firearm in the commission of abduction, and possession of a firearm by a felon. Roe was sentenced to a total of thirteen years with five years suspended.

## II. Analysis

Appellant argues that the practice in Virginia is for the court to enter an order for *nolle prosequi* in cases where the Commonwealth intends to reserve the right to reindict an accused at a later date. Code § 19.2-265.3. He contends that, if the court enters an order to dismiss the charges without indicating whether it is with or without prejudice, the Commonwealth is barred from subsequent reindictment on the same offenses. In support of this argument, appellant cites the definition of the word "dismissal" and that the Commonwealth specifically asked for a "dismissal." He argues that the Commonwealth's use of the word "dismissal" precludes the court from putting "words into the prosecutor's mouth" by finding that the prosecutor intended a motion for a *nolle prosequi*.

"Trial courts have the authority to interpret their own orders." Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000).[1] "'[W]hen

---

[1] It is of no consequence that the judge interpreting the order was not the same judge who signed the order. Judicial power lies in the court itself and not in the judge. Conaway v. Commonwealth, 118 Va. 792, 794, 88 S.E. 75, 76 (1916) ("The fact that the judge who signed [the orders in the case] was not in person the same judge who tried the case . . . is placed beyond the pale of controversy . . . ."); Southall v. Evans, 114 Va. 461, 464-65, 79 S.E. 929, 930 (1913) (finding that a judge appointed to a case after another judge left was "thereby clothed with every function that pertained to the [prior] judge of the court, and was competent to pass upon every case then remaining upon the docket"); Tyson's Ex'rs v. Glaize, 64 Va. (23 Gratt.) 799, 800 (1873) ("The court is unanimously of opinion that the Circuit courts, and not the judges thereof, are invested with jurisdiction to try causes, and pronounce decrees therein."); Code § 17.1-513. Of course, "[j]udges are not courts; they are a part of court machinery. Courts live on when the

construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court.'" Albert v. Albert, 38 Va. App. 284, 298, 563 S.E.2d 389, 396 (2002) (quoting Fredericksburg Constr. Co., 260 Va. at 144, 530 S.E.2d at 152; Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999) (*en banc*)); see also Leitao v. Commonwealth, 39 Va. App. 435, 438, 573 S.E.2d 317, 319 (2002) ("[W]e defer to a trial court's interpretation of its own order."); Smoot v. Commonwealth, 37 Va. App. 495, 500, 559 S.E.2d 409, 411 (2002). The trial court's interpretive discretion "must be exercised reasonably and not arbitrarily or capriciously." Smoot, 37 Va. App. at 500, 559 S.E.2d at 412 (citation omitted).

Such analysis requires determining whether the trial court abused its discretion when interpreting the order dismissing the indictments. That analysis does not allow this Court to substitute its own interpretation for the trial court's interpretation, if the trial court's construction is reasonable. Id. In the absence of evidence to the contrary, we presume that the trial court properly applied the controlling statute and did not abuse its discretion. See Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987); McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985). Code § 19.2-265.3 states: "*Nolle prosequi* shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown." In this instance, the trial court denied a continuance, but granted the motion to dismiss. Whether to grant a continuance may be a "different calculus" from whether to grant a motion for *nolle prosequi*. Harris v. Commonwealth, 258 Va. 576, 583, 520 S.E.2d 825, 829 (1999) ("[T]he

_____

judge dies just as they do when the clerk dies." Johnson v. Commonwealth, 184 Va. 466, 475, 35 S.E.2d 770, 774 (1945); see also Johnston v. Hunter, 40 S.E. 448, 450 (W.Va. 1901) ("[A] court is '[a] body in the government, organized for the public administration of justice at the time and place prescribed by law.' Courts or tribunals in the nature of courts are the only agencies of the law by which a cause can be heard and determined, they are the only depositaries of judicial power . . . ." (quoting Blackstone's Commentaries, 3 Blk. Com. 23; 4 Am. & Eng. Ency. Law 447)).

contention that the trial court's refusal to grant the continuance is tantamount to a finding that there was no good cause to support the subsequent *nolle prosequi* is . . . without merit.").

The trial court's dismissal order stated, "The attorney for the Commonwealth moved to dismiss the offense(s) indicated . . . which motion the Court granted." A judge of the same trial court interpreted that order to mean that the Commonwealth had, in effect, moved for a *nolle prosequi*. Such a dismissal is without prejudice. "Courts are presumed to act in accordance with the law and orders of the court are entitled to a presumption of regularity." Napert v. Napert, 261 Va. 45, 47, 540 S.E.2d 882, 884 (2001) (citing Beck v. Semones' Adm'r, 145 Va. 429, 442, 134 S.E. 677, 681 (1926)). "All presumptions exist in favor of the regularity of the judgments of trial courts, and one who asserts the contrary is required to overcome the presumptions by record proof." 1 M.J. Appeal and Error § 258. Thus, the appellant has the burden of proof to show there was no good cause. There is nothing in the facts or the record that indicates that appellant objected on no good cause grounds to the continuance or the motion to dismiss. There is also nothing in the record to show he raised such an argument to the trial court.[2] The trial court's interpretation of the order dismissing the indictments as a *nolle prosequi* was reasonable, and falls within the latitude we afford trial courts in the construction of their own decrees. Fredericksburg Constr. Co., 260 Va. at 144, 530 S.E.2d at 152; Leitao, 39 Va. App. at 438, 573 S.E.2d at 319; Albert, 38 Va. App. at 298, 563 S.E.2d at 396.

Moreover, a dismissal with prejudice is defined as an adjudication on the merits, a final disposition, which bars an action on the same charges. See Reed v. Liverman, 250 Va. 97, 458 S.E.2d 446 (1995). A dismissal without prejudice does not operate as a bar to subsequent action. See, e.g., Code § 8.01-30. In this case, the court's order did not indicate whether the dismissal

---

[2] In fact, appellant did not raise this argument on appeal. We will not consider an issue on appeal that was not preserved in the trial court. See Ohree v. Commonwealth, 26 Va. App. 299, 307-08, 494 S.E.2d 484, 488 (1998); Rule 5A:18. Thus, this issue is waived.

was with or without prejudice; however, the Virginia Supreme Court has noted that a dismissal on the motion of the Commonwealth's attorney is not an acquittal, but is an informal *nolle prosequi*. Wortham v. Commonwealth, 26 Va. (5 Rand.) 669, 676 (1827). Clearly, before the *nolle prosequi* statute was enacted, an indictment could be discontinued prior to trial by a dismissal motion and the defendant subsequently reindicted on the same charges.

At common law, once an indictment was found, and before trial, a dismissal or *nolle prosequi* action was under the sole control of the prosecution. The court had no role in the decision. The prosecutor could dismiss or *nolle prosequi* the action without any court consideration or approval. M.J. Dismissal, Discontinuance and Nonsuit § 39. However, the practice in Virginia, in spite of the common law rule, was to obtain the consent of the court, a practice that was eventually codified in the *nolle prosequi* statute. Id.; see also Denham v. Robinson, 77 S.E. 970, 972 (W. Va. 1913) (following the common law history of discontinuance through Virginia and English law, from which the West Virginia law is derived).

Hence, at common law, there was no distinction between a "simple dismissal" and a *nolle prosequi*. See Wortham, 26 Va. (5 Rand.) at 677. Although the General Assembly has provided for *nolle prosequi* by statute in Code § 19.2-265.3, it has not prohibited the use of a motion to dismiss for the same purpose, as was the practice in common law. See Hyman v. Glover, 232 Va. 140, 143, 348 S.E.2d 269, 271 (1986) (holding that the General Assembly may abrogate the common law, but its intent to do so must be plainly manifested).

Additionally, the terms "dismissal" and "*nolle prosequi*" are used interchangeably or alternatively in numerous Court of Appeals and Supreme Court cases. See, e.g., Stockton v. Commonwealth, 227 Va. 124, 150, 314 S.E.2d 371, 387 (1984); Staunton Mut. Tel. Co. v. Buchanan, 108 Va. 810, 813, 62 S.E. 928, 929 (1908); Sandy v. Commonwealth, 26 Va. App. 724, 725, 496 S.E.2d 167, 168 (1998) (*en banc*), rev'd on other grounds, 257 Va. 87, 509 S.E.2d

492 (1999); see also Code § 19.2-392.2(A)(2).[3] Whether the Commonwealth framed its motion as a dismissal or as a *nolle prosequi* is of no consequence; there is no magic in the specific words.[4] See Atl. & Danville R. Co. v. Hooker, 194 Va. 496, 509, 74 S.E.2d 270, 279 (1953) ("The law has outgrown its primitive state of formalism when the precise word was the sovereign talisman, and every slip was fatal."); J.R. Wheler Co. v. James, 146 Va. 758, 768, 132

---

[3] We also note that under the Federal Rules, a *nolle prosequi* is in the form of a motion to dismiss. See Fed. R. Crim. P. 48.

[4] Roe does not frame the issue as such, however, an obvious question is whether the reindictments resulted in double jeopardy. We do not accept the proposition that even if the court had interpreted its order as something other than a *nolle prosequi* that the dismissal is *a fortiori* with prejudice. Even dismissals that are not characterized as "*nolle prosequi*" must be examined under traditional timing principles to determine whether it is a dismissal with or without prejudice for purposes of double jeopardy.

It has long been the law in Virginia that jeopardy does not attach until a jury is empaneled. Dulin v. Lillard, 91 Va. 718, 722, 20 S.E. 821, 822 (1895) (citing 1 Bishop's Cr. Law §§ 1014-1015; Wharton's Cr. Plead. & Prac. § 517; Cooley's Const. Lim (5th ed.), pp. 399-400); see also Bradshaw v. Commonwealth, 228 Va. 484, 492, 323 S.E.2d 567, 572 (1984). In a bench trial, jeopardy does not attach until the court begins to hear evidence, which is when the first witness is sworn. See Martin v. Commonwealth, 242 Va. 1, 8, 406 S.E.2d 15, 18 (1991) ("[J]eopardy only attaches after a jury is empaneled and sworn in a jury trial or the first witness is sworn in a bench trial."); Rosser v. Commonwealth, 159 Va. 1028, 1036-37, 167 S.E. 257, 259 (1933).

Here, however, we examine a different issue – whether or not this final order, entered prior to trial commencing at all, was without prejudice to reindictment. Although the prosecutor used the word "dismiss," dismissal of the original indictments was not on the merits. The dismissal did not constitute an adjudication amounting to either a conviction or an acquittal. See Adkins v. Commonwealth, 175 Va. 590, 596-97, 9 S.E.2d 349, 351-52 (1940). The dismissal was not a resolution in Roe's favor of factual elements of the offenses charged. See Johnson v. Commonwealth, 221 Va. 736, 743-44, 273 S.E.2d 784, 789 (1981). The dismissal was a termination of the proceedings on the original indictments on a basis unrelated to factual guilt or innocence.

The appellant had not been put to trial before a trier of the facts; he had not been acquitted, convicted or punished for any of the offenses set forth in the reindicted charges. Therefore, jeopardy had not attached and he could be indicted and tried for the same offenses. See Code § 19.2-293.

Concluding, however, that a "dismissal" is the equivalent of a *nolle prosequi* if double jeopardy has not attached begs the difficult question of how to interpret an order of "dismissal." Because we conclude that the trial court did not abuse its discretion in interpreting the dismissal to be a *nolle prosequi*, the double jeopardy issues are not implicated. Principles of double jeopardy have no legal relevance in this context because they presuppose no final order has been entered. But certainly, principles of double jeopardy support and do not preclude our conclusion.

S.E. 859, 862 (1926) ("There is magic in words, but the law takes no note of it.  We take the substance and let the shadow go.").

We find no abuse of discretion.  For these reasons, we affirm.

<u>Affirmed.</u>

Benton, J., dissenting.

The record establishes that George Roe was arrested for these offenses on July 16, 2001. On April 16, 2002, a judge of the general district court found probable cause to certify the charges to the grand jury. The grand jury issued indictments in May 2002. After several continuances, Roe's trial on those indictments was set to occur five months later on October 3, 2002. An order entered on October 3, 2002 contains the following rulings:

> The defendant was not present this day. He was represented by appointed counsel . . . . The Commonwealth was represented . . . .
>
> On motion of the attorney for the Commonwealth, the Court, having heard the evidence and argument(s) of counsel, DENIES Commonwealth's motion for a continuance.
>
> The attorney for the Commonwealth moved to dismiss the offense(s) indicated below, which motion the Court granted.

| CASE NUMBER | OFFENSE DESCRIPTION AND INDICATOR (F/M) | OFFENSE DATE |
|---|---|---|
| CR02-F-1434 | Use of a Firearm in the Commission of Abduction (F) | 07/04/01 |
| CR02-F-1435 | Shoot Into An Occupied Dwelling (F) | 07/04/01 |
| CR02-F-1436 | Possession of a Firearm by a Convicted Felon (F) | 07/04/01 |
| CR02-F-1437 | Abduction (F) | 07/04/01 |

This is not a case where the parties disagree as to the motion that the prosecutor made. Both parties agree that it was a motion "to dismiss." The parties also agree that the prosecutor made this motion after the trial judge denied the prosecutor's motion for a continuance. The order unambiguously recites that the "attorney for the Commonwealth moved to dismiss the offense[s]." It does not indicate that the prosecutor's motion sought entry of *nolle prosequi*; it does not indicate that the prosecutor provided "good cause" for entry of *nolle prosequi*. See

- 8 -

Code § 19.2-265.3.  I would hold that the plain language of the order and the circumstances of this case manifestly establish that the order of dismissal was not a grant of *nolle prosequi*.

The common law rule in Virginia has long required consent of a judge for entry of *nolle prosequi*.  Anonymous, 3 Va. (1 Va. Cas.) 139, 139 (1803) (holding that the entry of "*nolle prosequi*" requires the consent of the trial judge); see also Denham v. Robinson, 77 S.E. 970, 972 (W. Va. 1913) (discussing Virginia cases).  This common law requirement is now codified at Code § 19.2-265.3.  Under this statute, a trial judge has discretion to enter a *nolle prosequi* only for "good cause . . . shown."  Id.

The prosecutor did not suggest at trial any basis upon which the judge on October 3, 2002 could have found good cause to order entry of a *nolle prosequi*.  In fact, as the record demonstrates, the opposite was true -- no good cause existed.  After the judge dismissed the indictments and the Commonwealth had obtained new indictments, Roe's attorney represented to the trial judge that the prosecutor sought a continuance of the October 3, 2002 trial because the prosecuting witness was not present.  Roe's attorney said the witness' absence was "a continuation of [a] pattern and problem."  The prosecutor did not attempt to refute Roe's attorney's characterization.  Indeed, she said "I don't have any problem with his representation." The prosecutor represented that the case had been originally set for trial in June and then rescheduled for August and then to October.  The prosecutor also confirmed that in October the prosecutor "asked for the matter to be continued and the Court did not grant the motion, at that time [the prosecutor] made a decision to ask that the case be dismissed."

The order granted a motion "to dismiss the offenses."  To read the order as granting entry of "*nolle prosequi*" is to assume facts not in this record.[5]  Without any basis, we would have to

---

[5] We need not defer to views of the trial judge, who was not the judge that entered the October 3 order of dismissal.  In reaching his decision, the trial judge ruled that whether the indictments were dismissed or merely *nolle prosequied* "is not [a function of] what [the

assume that the trial judge found "good cause" existed and that he exercised his discretion in granting the prosecutor's motion for *nolle prosequi*. While denying a continuance for lack of good cause does not seem to preclude in every instance a grant of a motion for *nolle prosequi*, see Harris v. Commonwealth, 258 Va. 576, 583, 520 S.E.2d 825, 829 (1999), the record in this case does not support a conclusion that good cause existed. Unlike in Harris, where "a *nolle prosequi* provide[d] [the accused] with the benefit of being released from the terms of his bond or from being held in custody," the record in this case shows no benefit to Roe, who remained in custody, or any other "good cause." The judge's ruling denying the continuance and the

---

prosecutor] intended." In other words, even if the prosecutor intended a dismissal, not *nolle prosequi*, that is not dispositive. Thus, the trial judge and we are left to discern the plain meaning of the order.

An interpretation of an order is not binding if it is not supported by a plain reading of its language. "'Although trial courts have discretion to interpret their own orders, that discretion must be exercised reasonably and not arbitrarily or capriciously.' 'Furthermore, an order must be interpreted within its four corners.'" Smoot v. Commonwealth, 37 Va. App. 495, 500, 559 S.E.2d 409, 411-12 (2002) (quoting Rusty's Welding Service v. Gibson, 29 Va. App. 119, 130, 510 S.E.2d 255, 261 (1999); United States v. Armour & Co., 402 U.S. 673, 682 (1971)). By its plain terms, the order in this case granted the motion "to dismiss the offense[s]." Any other interpretation would take away from the meaning of the words used within the four corners of the order.

In addition, a review of the trial judge's ruling clearly discloses that he did not place an interpretive gloss on the order. He ruled that the judge who entered the order lacked "power to dismiss a case on the Commonwealth's motion." He explained his ruling as follows:

> I find that the Court had no power under the circumstances presented on October 3, 2002 to dismiss the case with prejudice. It only had the power to dismiss on a motion to nol pros, which may well and it appears to have been phrased in the term motion to dismiss by the prosecutor in court that day.
>
> As I read the law the only power the Court has is to grant a motion to nol pros at that time. That's the way I interpret the order.

The issue of the judge's power is not a ruling grounded in an interpretation of the language found within the body of the order. Thus, I would hold that the trial judge's ruling is not based on a review of the order itself and, thus, is not binding on this appeal.

prosecutor's failure to make a motion for *nolle prosequi* manifestly reflect a determination that the prosecutor lacked good cause for the delay and that no good cause existed.

The Commonwealth's suggestion that the dismissal was constructively a grant of *nolle prosequi* posits without any factual basis that the judge, who found an insufficient basis to grant the continuance, would have found, if asked, good cause to give instead an unlimited continuance to the prosecutor in the form of a constructive *nolle prosequi*. This cannot be the case. We cannot read nonexistent facts into the record simply to satisfy the purposes of the Commonwealth. Moreover, as we have held, the statute does not contemplate a "constructive *nolle prosequi*." Rea v. Commonwealth, 14 Va. App. 940, 945, 421 S.E.2d 464, 468 (1992).

In United States v. Derr, 726 F.2d 617 (10th Cir. 1984), a dismissal with prejudice was found to be proper where the government gave no reason for seeking a *nolle prosequi*. There, as in this case, when the trial judge denied the motion for a continuance, "the government's only alternatives would have been to try a case in which it was obviously unprepared to proceed or to move to dismiss the indictment with prejudice." Id. at 619. As in Derr, the record does not indicate the prosecutor advanced any reasons that would have constituted good cause for granting a *nolle prosequi*. As the trial judge found in Derr, "'[c]learly, if a court cannot exercise its sound discretion without the facts, it must be an abuse of discretion for the court to grant a motion to dismiss without receiving the factual basis therefor.'" 726 F.2d at 618. As in Derr, the order of dismissal in this case could not be an entry of a *nolle prosequi* because the record does not establish the prosecutor gave a good cause reason.

I would hold that the order on its face and the facts in this record establish that the dismissal of the indictments was with prejudice. Upon the motion of the prosecutor to dismiss, the trial judge dismissed the indictments and thus barred further prosecution. Therefore, I dissent.