COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Humphreys and Clements
Argued at Chesapeake, Virginia


JOSEPH C. FLORIO

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2633-04-1             JUDGE ROBERT J. HUMPHREYS
                                                             JULY 26, 2005
BARBARA E. CLARK,
 WILLIAM B. CLARK AND
 JOYCE CHILDERS


            FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                     William H. Oast, Jr., Judge Designate

            Stephen A. Palmer for appellant.

            Breckenridge Ingles (McClanahan Ingles; Martin, Ingles & Ingles,
            Ltd., on brief), for appellees.


       Appellant Joseph C. Florio ("Florio") appeals from a judgment awarding legal and

physical custody of his child to appellees Barbara E. Clark, the child's maternal aunt, William B.

Clark, the child's maternal uncle by marriage, and Joyce Childers, the child's maternal

grandmother (collectively, "appellees").  Florio contends that the trial court erroneously:

(1) excluded an updated home study prepared by the Department of Social Services ("DSS"), in

which DSS recommended that Florio be given custody of the child, (2) excluded testimony from

a licensed clinical social worker regarding the statutory "best interest" factors, (3) excluded

evidence relating to the lifestyle of the Clarks' two daughters, and (4) rejected the

recommendation of the guardian *ad litem*.  For the reasons that follow, we agree that the trial

court abused its discretion by excluding the updated home study and limiting the testimony of

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover, as this opinion has no precedential value, we recite only those facts necessary to our holding.

the licensed clinical social worker. Accordingly, we reverse the judgment below and remand this case for further proceedings consistent with the holding of this opinion. We also deny the parties' respective requests for an award of the costs and attorneys' fees they incurred while pursing this appeal.[1]

In accord with settled standards of appellate review, we view the evidence and all reasonable inferences that may be drawn from that evidence in the light most favorable to appellees, the parties prevailing below. Yopp v. Hodges, 43 Va. App. 427, 430, 598 S.E.2d 760, 762 (2004). So viewed, the evidence in this case establishes the following.

On January 8, 1996, Mary Childers gave birth to a child fathered by Florio. Childers and Florio were unmarried, and they separated soon after the birth of their child. Following the separation, Childers filed a petition seeking custody of the infant. Florio agreed that she should have custody, and, on April 17, 1996, the juvenile court entered a consent decree awarding Childers sole physical custody of the child.

In August 1996, Childers and the child moved in with her sister, Barbara Clark, and Barbara's husband, Bill Clark. Seven months later, Childers and the child—who was then fourteen months old—moved in with Childers' new boyfriend. In June of 2001, Childers suffered a heart attack as a result of a congenital heart defect. Childers became very ill, and her mother, Joyce Childers, moved to Virginia to help care for her daughter. Childers' health

---

[1] We also note that the guardian *ad litem* failed to file an appellate brief, appear during oral argument, or otherwise enter an appearance before this Court. According to Standard J of the "Standards to Govern the Performance of Guardians *Ad Litem* for Children," effective September 1, 2003, a guardian *ad litem* is required to "[f]ile appropriate petitions, motions, pleadings, briefs, and appeals on behalf of the child and ensure the child is represented by a [guardian *ad litem*] in any appeal involving the case." Although the accompanying comment to the standard indicates that, "[d]uring an appeal process initiated by another party, the [guardian *ad litem*] for a child *may* file a brief and participate fully at oral argument" (emphasis added), this does not excuse the guardian *ad litem* from her obligation to "ensure that the child has representation in any appeal related to the case regardless of who files the appeal."

continued to deteriorate and, in the fall of 2001, Childers and the child moved in with Childers'

mother. When Childers was hospitalized in January 2002, the child went to stay with the Clarks.

Childers died on March 17, 2002.

After Childers' death, Florio and appellees each filed petitions seeking custody of the

child. The trial court conducted a permanent custody hearing on February 18, May 4, and May

5, 2004. On October 6, 2004,[2] the trial court issued its final order awarding custody to

appellees. Florio appeals.

Florio contends that the trial court erred in five respects: (1) by excluding an updated

home study prepared in February 2004, (2) by preventing a licensed clinical social worker from

testifying as to the statutory "best interest" factors, (3) by excluding evidence relating to the

lifestyle of the Clarks' two daughters, and (4) failing to accept the guardian *ad litem*'s

recommendation that Florio be awarded custody of the child.[3] Because we agree that the trial

court abused its discretion by excluding the updated home study and by preventing Brown from

offering testimony relating to the best interests of the child, we reverse and remand this case for

---

[2] Nothing in the record explains the five-month delay between the court's ruling at the conclusion of the child custody hearing and the issuance of this final order. This extended and unexplained delay is disturbing under the circumstances of this case, particularly in light of the unrefuted expert witness testimony that the child "stays a very anxious, troubled, closed child [] because he doesn't have that security of knowing which household he's going to live in."

[3] In his appellate brief and during oral argument, Florio alluded to the question of whether appellees presented sufficient evidence to overcome, by clear and convincing evidence, the presumption in favor of awarding custody to the natural parent. However, Florio failed to make the sufficiency question part of the "questions presented" in his opening brief. Thus, we do not address whether the evidence was sufficient to support the trial court's findings. See Cirrito v. Cirrito, 44 Va. App. 287, 309, 605 S.E.2d 268, 278 (2004) ("As this argument is not part of the questions presented that were designated for appeal, we will not address this issue."); Clements v. Riverside Walter Reed Hosp., 40 Va. App. 214, 228 n.9, 578 S.E.2d 814, 820 n.9 (2003) (same); Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declining to address "an issue not expressly stated among the 'questions presented'").

further proceedings consistent with the holding of this opinion. We also deny the parties'

requests for an award of the costs and attorneys' fees incurred in this appeal.

### A. Excluding the Updated Home Study

Before the first scheduled day of trial, Florio filed a motion requesting completion of an

updated home study. Florio reasoned that, because DSS completed its original home studies in

August of 2002, those home studies did not accurately reflect the current relationships between

the parties. Thus, on January 4, 2004, the trial court issued an order providing, in pertinent part,

as follows:

> The Department of Social Services of Gloucester County shall
> update the home study of Joseph C. Florio . . . . The home study
> shall be provided to the Court, counsel of record and the guardian
> *ad litem* at least five (5) days prior to the trial date of February 18,
> 2004.

As requested, DSS conducted the updated home study in February of 2004. At 2:30 p.m. on

Friday, February 13, 2004, DSS filed the completed study with the court and, later that

afternoon, delivered a copy of the report to the parties.

On February 17, appellees moved to quash the updated home study, arguing, *inter alia*,

that it was not filed five days before trial, as required by the court order. The trial court agreed

that the report was not timely filed and quashed the updated home study.

However, after the first day of trial, the trial court adjourned the case until May 4, 2004.

Thus, on March 5, Florio moved the court to reconsider admitting the updated home study.

Florio reasoned that appellees had eight weeks between February 18, the first day of trial, and

May 4, the next scheduled day of trial, to review the updated home study and, if they wished, to

have an updated study prepared for their home as well. On April 21, 2004, the trial court denied

the motion to reconsider, reasoning that "[i]f it wasn't filed five days prior to . . . February the

- 4 -

18th, it's not going to be admitted." When counsel responded that "it was filed five days prior," the court responded, "Yeah, but at four o'clock in the afternoon."

On appeal, Florio contends that the trial court abused its discretion when it excluded the updated home study. We agree that the trial court abused its discretion by excluding, on questionable procedural grounds, evidence bearing directly on the best interests of this child. Specifically, we hold that the trial court abused its discretion in two respects: first, by determining that the updated home study was not timely filed according to the prior court order; and second, by excluding the updated home study—the most recent evidence in the court's possession concerning factors directly bearing on the best interests of this child—as a sanction for DSS's arguable failure to comply with that order.

Unquestionably, trial courts have the authority to interpret their own orders. See Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999). And, "when construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court." Id.; see also Roe v. Commonwealth, 45 Va. App. 240, 245, 609 S.E.2d 635, 637 (2005); Albert v. Albert, 38 Va. App. 284, 298, 563 S.E.2d 389, 396 (2002). However, "[t]he trial court's interpretive discretion 'must be exercised reasonably and not arbitrarily or capriciously.'" Roe, 45 Va. App. at 245, 609 S.E.2d at 637 (quoting Smoot v. Commonwealth, 37 Va. App. 495, 500, 559 S.E.2d 409, 412 (2002)). If a trial court's interpretation of an order is unreasonable, arbitrary, or capricious, that ruling is reversible on appeal because it constitutes an abuse of discretion. See id.; see also Smoot, 37 Va. App. at 501, 559 S.E.2d at 412.

The court order at issue in this case merely provided that DSS was to file the updated home study with the court and provide a copy of the study to the parties "five (5) days prior to the trial date of February 18, 2004." DSS filed the completed study with the court at 2:30 p.m.

on Friday, February 13, 2004.  By 4:00 p.m., DSS had delivered a copy of the report to the parties.  The trial court, however, excluded the updated home study, reasoning that it was not timely filed.  When Florio argued that "it was filed five days prior," the court responded, "Yeah, but at four o'clock in the afternoon."

Nothing in the four corners of the court order specified that the updated home study needed to be filed by a particular time of day.  As appellees conceded at oral argument, by filing the home study on February 13, DSS arguably complied with the court order because the study was, in fact, filed "five days prior to the trial date of February 18, 2004."  Cf. Code § 1-13.3 ("When a . . . rule of court requires . . . [an] act to be done, a certain time before any motion or proceeding . . . the day on which . . . such act is done, may be counted as part of the time . . . .").  By interpreting the order to include an additional "time of day" requirement, the trial court acted arbitrarily, capriciously, and unreasonably.

Second, by excluding the updated home study based on DSS's arguable failure to comply with the court order, the trial court manifestly disregarded the best interests of this child.  Generally, the admissibility of evidence "is within the broad discretion of the trial court, and a[n] [evidentiary] ruling will not be disturbed on appeal in the absence of an abuse of discretion."  Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988); see also Gonzales v. Commonwealth, 45 Va. App. 375, 380, 611 S.E.2d 616, ___ (2005) (*en banc*).  However, when presiding over a hearing concerning the custody and care of a child, the trial court's paramount consideration is the child's best interests.  Toombs v. Lynchburg Div. of Soc. Servs., 223 Va. 225, 230, 288 S.E.2d 405, 407-08 (1982); see also Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).  As noted by the Virginia Supreme Court, "the welfare of the infant is the primary, paramount, and controlling consideration of the court in all controversies . . . over

- 6 -

the custody of [] minor children. *All other matters are subordinate.*" Mullen v. Mullen, 188 Va. 259, 269, 49 S.E.2d 349, 354 (1948) (emphasis added).

When exercising its discretion to admit or exclude evidence during a child custody or visitation proceeding, the trial court must be cognizant of whether it is ruling upon the admissibility of evidence that may be a vital source of information relating to the child's best interests. Thus, a sanctions-oriented ruling that excludes evidence bearing directly on the child's best interests may, under certain circumstances, constitute an abuse of discretion. See Armistead v. Armistead, 228 Va. 352, 357, 322 S.E.2d 836, 838 (1984) (reversing and remanding custody decree where "the chancellor excluded evidence which may have been relevant to the determination of [the child's] best interests"); M.E.D. v. J.P.M., 3 Va. App. 391, 407, 350 S.E.2d 215, 225 (1986) (reversing and remanding visitation order where the trial court "excluded evidence on a matter directly concerning the child's best interest," noting that the trial court erroneously "focus[ed] . . . more upon the father's interests than upon the child's best interests"); cf. Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 132-33, 409 S.E.2d 460, 465 (1991) ("Mindful of the court's primary goal of ensuring [the children's] best interest, we cannot say the trial court abused its discretion by considering evidence of [mother's] neglect of her other children.").

Here, the trial court excluded the home study as a sanction for DSS's purported failure to comply with the prior discovery order. However, the home study—the preparation of which the court itself had ordered—was the most recent evidence from an impartial source concerning Florio's home situation and his interactions with the child. There is no doubt that this report contained vital information relating to the best interests of the child. Excluding the home study under these circumstances blatantly disregarded the child's best interests—the court's "paramount concern"—in favor of punishing what may or may not have constituted a violation

- 7 -

of a court order by a non-party. And, as we have noted, "[b]ecause the best interests of the child [are] our paramount concern, positive changes in a child's life cannot be disregarded simply to 'punish' [a parent]" who acted "consistent[ly] with the trial court's order . . . ." Sullivan v. Jones, 42 Va. App. 794, 810, 595 S.E.2d 36, 44 (2004) (citation omitted); see also M.E.D., 3 Va. App. at 406, 350 S.E.2d at 225 (holding that the trial court erred by issuing a visitation order that "distinctly manifested a punitive design" toward the mother, noting that "the exercise of [the court's] jurisdiction is predicated upon the child's best interest" and, therefore, "may not be used to punish a parent").

For these reasons, we hold that the trial court abused its discretion when it excluded the updated home study as a sanction for a non-party's arguable failure to comply with a court order. Because this error, especially in conjunction with the trial court's limitation of the social worker's testimony, see Part B, infra, infected the entire custody hearing, we reverse and remand this case for a new trial.

## B. Limiting the Testimony of the Licensed Clinical Social Worker

During the April 21 pretrial hearing, appellees moved to compel Florio to provide additional information in response to an interrogatory requesting Florio "to identify each and every expert witness," as well as the "subject matter, substance of facts and opinions, and summary and grounds of [the expert's] opinion." In his initial interrogatory response, Florio identified Leslie Brown, a licensed clinical social worker who, beginning in August of 2002, had met with the child, Florio, and the Clarks on a weekly basis for court-ordered counseling sessions. Florio, however, had not provided any additional information about the substance of her testimony. Thus, the trial court granted appellees' motion to compel.

In the updated interrogatory response, filed on April 29, 2004, Florio indicated that Brown was going to recommend that the court award custody to Florio. Brown would have

further recommended that Florio's custody "be monitored every 3 months, to advise him and to be sure that [the child's] needs are being adequately met" and that appellees continue to receive visitation with the child.

When the trial reconvened on May 4, appellees moved to exclude Brown's testimony. Appellees reasoned that, initially, the therapist had told the parties that she would not give the court a custody recommendation. However, based on the updated interrogatory response, appellees argued that the therapist should be precluded from testifying because "you cannot be a therapist and an independent evaluator." The court agreed, but, rather than excluding the therapist's testimony, the court concluded that the therapist should only be prohibited from giving her recommendation as to what the custody arrangement between the parties should be.

During Brown's testimony, however, the trial court repeatedly precluded her not only from giving a custody recommendation, but also from testifying about any facts relating to the "best interest" factors listed in Code § 20-124.3. For example, when Florio asked Brown to describe how "the Clarks and Mr. Florio . . . were meeting [the child]'s emotional needs," the following interchange occurred:

> [APPELLEES]: Judge, what [Florio is] doing now is he's doing what the Court has said he can't do. He's going down the factors in 20-124.3, asking her to be a custody evaluator. He's just doing that one question at a time.
>
> COURT: We're not going to do that. We've already decided you're not going to do that.
>
> [FLORIO]: Judge, these are the things that the Court most wants to hear about.
>
> COURT: Well –
>
> [FLORIO]: The Court has ten factors that the Judge wants to hear [about] in every custody case under 20 dash –

- 9 -

COURT:          She has told them she is not going to make a
                recommendation, and she's not.

[FLORIO]:       I didn't ask for a recommendation.

COURT:          Well, you're trying to.  You're trying as hard as
                you can to get one.  No matter—no matter what
                he asks you, don't make a recommendation; and
                that's an order.

Similarly, when Florio later asked whether Brown had "form[ed] an opinion" about the

"emotional or physical bond" between Florio and the child, the court sustained appellees'

objection, reasoning that Florio was "trying as hard as [he] can to make her say one deserves the

custody over the other."

On appeal, Florio contends that the trial court erred when it limited the substance of

Brown's testimony.  Because Code § 20-124.2(B) provides that, "[i]n determining custody, the

court *shall* give primary consideration to the best interests of the child," we agree.  (Emphasis

added).  As this Court has noted, Code § 20-124.3 "specifies the factors a court 'shall consider'

in determining the 'best interests of a child for . . . custody or visitation.'"  Brown v. Brown, 30

Va. App. 532, 538, 518 S.E.2d 336, 338 (1999) (alteration in original).  These statutory

best-interest factors are generally not relevant unless the non-parent has produced evidence

sufficient to rebut the presumption in favor of the natural parent.  See Walker v. Fagg, 11

Va. App. 581, 586, 400 S.E.2d 208, 211 (1990) ("Once the presumption favoring parental

custody has been rebutted, the parental and non-parental parties stand equally before the court,

with no presumption in favor of either, and the question is the determination of the best interests

of the child according to the preponderance of the evidence.").  Nevertheless, if the court

determines that the non-parent has successfully rebutted the presumption, the trial court *must*

consider each of the factors described in the statute when engaging in the subsequent

best-interests analysis.  See Brown, 30 Va. App. at 538, 518 S.E.2d at 338.  It is difficult to

- 10 -

conceptualize how the trial court could properly consider the various statutory factors if it refused to admit any evidence relating to those factors.

Thus, we hold that the trial court abused its discretion when it limited the scope of Brown's testimony. On remand, we direct the trial court to admit as relevant any otherwise admissible evidence pertaining to the best interests factors laid out in Code § 20-124.3.

### C. Other Challenged Evidentiary Rulings

Florio also challenges the trial court's exclusion of evidence relating to the lifestyle of the Clarks' two daughters. However, Florio failed to include a proffer of the substance of that testimony in the record on appeal. Absent a proffer, we cannot assess whether exclusion of the challenged evidence was error. That is, we cannot assume that, if permitted to testify, Bill Clark would have responded negatively about his daughters' lifestyles. Because the appellant has the burden of providing a record on appeal sufficient to permit this Court to review the error assigned, we conclude that Florio is barred from challenging these evidentiary rulings. See Rose v. Jaques, 268 Va. 137, 156, 597 S.E.2d 64, 75 (2004); Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).

### D. Disregarding the Recommendation of the Guardian *ad litem*

At the conclusion of the permanent custody hearing, the guardian *ad litem* recommended that Florio be awarded custody of his son. Although the trial court acknowledged the guardian *ad litem*'s recommendation, the court disregarded that recommendation and awarded appellees physical and legal custody of the child.

On appeal, Florio contends that the trial court erred in failing to accept the recommendation of the guardian *ad litem*. Initially, we note that "the recommendation of the guardian *ad litem* . . . while not binding or controlling, should not be disregarded." Bottoms v. Bottoms, 249 Va. 410, 420, 457 S.E.2d 102, 108 (1995). Regardless, because the trial court's

- 11 -

evidentiary rulings with respect to the updated home study and the social worker's testimony are alone sufficient to mandate reversal, we need not address this assignment of error.

### E. Attorneys' Fees and Costs on Appeal

All of the parties request that this Court award them the costs and attorneys' fees they incurred on appeal. See generally O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Also, Florio specifically requests an award of $1,283.40 as reimbursement for "the cost of producing unnecessary designation of the Appendix," reasoning that "Appellees designated an additional 693 pages" for inclusion in the Joint Appendix, but "only 279 of those pages were specifically referenced in the Appellee's [sic] brief," resulting in additional, unnecessary costs totaling $1,283.40.

However, each of the documents designated by appellees for inclusion in the joint appendix are appropriate and of at least some relevance to this appeal. Appellees' failure to specifically cite each and every page they included does not render those pages entirely meaningless to the disposition of this case. Although some of the documents are of marginal importance, we cannot say that they are so inconsequential as to make their inclusion in the joint appendix frivolous. Accordingly, we deny Florio's motion seeking an award of the costs incurred by including these additional documents in the joint appendix.

Because this litigation "addressed appropriate and substantial issues," and "neither party generated unnecessary delay or expense in pursuit of its interests," Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004), we deny the parties' requests for attorneys' fees and costs.

### Conclusion

For these reasons, we hold that the trial court abused its discretion in excluding the updated home study and in excluding the social worker's testimony relating to the statutory

best-interests factors.  Because these erroneous rulings sufficiently tainted the evidence before the trial court, especially as the excluded evidence pertained to the child's best interests, we reverse and remand this case for a new custody hearing.  We also deny the parties' respective requests for an award of the attorneys' fees and costs incurred in this appeal.

<u>Reversed and remanded.</u>