Present:  Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and
Lemons, JJ., and Compton,* S.J.

GEORGE JULIOUS ROE
                          OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 050909              April 21, 2006

COMMONWEALTH OF VIRGINIA

                  FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we consider whether the Commonwealth may

prosecute a criminal defendant for certain crimes when the

circuit court had previously granted the Commonwealth's motion

to dismiss indictments alleging the same crimes.

     The facts relevant to our disposition of this appeal are

not in dispute.  In 2002, a grand jury for the City of

Richmond indicted George Julious Roe for the following

offenses:  abduction, use of a firearm in the commission of

abduction, shooting into an occupied dwelling, and possession

of a firearm by a convicted felon.  The defendant was

scheduled to be tried in the Circuit Court of the City of

Richmond on October 3, 2002.  On that date, the Commonwealth's

attorney and the defendant's counsel were present in the

circuit court.  However, the defendant was not present because

he was in the custody of the United States Government, and the

---

     * Senior Justice Compton participated in the hearing and
decision of this case before his death on April 9, 2006.

Commonwealth had not made arrangements to procure his presence.

Upon the Commonwealth's motion for a continuance, the circuit court considered evidence and arguments of counsel and denied the motion. The Commonwealth made a motion to dismiss the above-referenced offenses. The circuit court granted the motion and entered an order that stated in part:

> "The defendant was not present this day. He was represented by appointed counsel, **Michael Herring**. The Commonwealth was represented by **George Townsend**.
>
> "On motion of the attorney for the Commonwealth, the Court, having heard the evidence and argument(s) of counsel, **DENIES** Commonwealth's motion for a continuance.
>
> "The attorney for the Commonwealth moved to dismiss the offense(s) indicated below, which motion the Court granted.

| "CASE NUMBER | OFFENSE DESCRIPTION AND INDICATOR (F/M) | OFFENSE DATE |
|---|---|---|
| "CR02-F-1434 | **Use of a Firearm in the Commission of Abduction (F)** | 07/04/01 |
| "CR02-F-1435 | **Shoot Into An Occupied Dwelling (F)** | 07/04/01 |
| "CR02-F-1436 | **Possession of a Firearm by a Convicted Felon (F)** | 07/04/01 |
| "CR02-F-1437 | **Abduction (F)** | 07/04/01" |

Subsequently, another grand jury for the City of Richmond indicted Roe for these same offenses. The trial for these offenses was conducted on September 17, 2003. Before the

commencement of the trial, Roe moved to dismiss the indictments because the charges had been dismissed by the circuit court's order dated October 3, 2002.

Defendant's counsel argued before the circuit court, with a different judge presiding, that the Commonwealth was not entitled to proceed with these charges because they were dismissed in October 2002. Defense counsel informed the circuit court that the Commonwealth made a motion to continue the trial in October 2002 because the Commonwealth was not prepared to proceed with its case and that the victim had repeatedly failed to appear. The defendant also asserted that the Commonwealth chose not to request a nolle prosequi pursuant to Code § 19.2-265.3, but instead the Commonwealth specifically moved to dismiss the charges. The Commonwealth responded that even though it made a motion to dismiss during the October 3, 2002 proceeding, the motion was in the nature of a motion for a nolle prosequi and that the dismissal was not with prejudice.

The circuit court reviewed the above-referenced order and ruled:

> "I find that the Court had no power under the circumstances presented on October 3, 2002 to dismiss the case with prejudice. It only had the power to dismiss on a motion to nol pros . . . it appears to have been phrased in the term motion to dismiss by the prosecutor in court that day.

3

"As I read the law the only power the Court has is to grant a motion to nol pros at that time. That's the way I interpret the order."

The circuit court denied the motion to dismiss and conducted a bench trial. At the conclusion of the trial, the defendant was convicted of abduction, use of a firearm in the commission of a felony, and possession of a firearm by a felon. The defendant was sentenced to a total of 13 years with five years suspended.

A divided panel of the Court of Appeals affirmed the defendant's convictions. Roe v. Commonwealth, 45 Va. App. 240, 609 S.E.2d 635 (2005). The Court of Appeals held that the circuit court's ruling that the October 3, 2002 dismissal order constituted a nolle prosequi is a reasonable interpretation of that order and that the circuit court did not abuse its discretion. Id. at 249, 609 S.E.2d at 639. Roe appeals.

The defendant argues in this Court that the circuit court erred by failing to dismiss the indictments that were the subject of the second prosecution. The defendant states that the Commonwealth requested and received a dismissal of those charges in October 2002 as stated in the circuit court's dismissal order. Continuing, the defendant asserts that the circuit court's subsequent ruling that the dismissal order constituted a nolle prosequi is erroneous and that the Court

4

of Appeals erred by affirming the judgment of the circuit court.  The Commonwealth responds that its motion to dismiss granted in the October 2002 order was the equivalent of a nolle prosequi and that the circuit court's interpretation of the October 2002 order is reasonable.  We disagree with the Commonwealth.

It is well established in this Commonwealth that a circuit court speaks only through its written orders.  We have consistently applied this well-established principle.  Rose v. Jaques, 268 Va. 137, 147, 597 S.E.2d 64, 70 (2004); Upper Occoquan Sewage Authority v. Blake Construction Co., 266 Va. 582, 588, 587 S.E.2d 721, 724 (2003); Commonwealth v. Williams, 262 Va. 661, 668, 553 S.E.2d 760, 763 (2001); Berean Law Group, P.C. v. Cox, 259 Va. 622, 626, 528 S.E.2d 108, 111 (2000); Walton v. Commonwealth, 256 Va. 85, 94, 501 S.E.2d 134, 140 (1998).

Another well-established principle in our jurisprudence is that circuit courts have the authority to interpret their own orders.  Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 143-44, 530 S.E.2d 148, 152 (2000); Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999).  However, a circuit court's authority to interpret its order is subject to judicial review and even though this Court accords deference

5

to the circuit court's interpretation, that interpretation must be reasonable.  Smoot v. Commonwealth, 37 Va. App. 495, 500, 559 S.E.2d 409, 412 (2002).  We apply an abuse of discretion standard in determining whether the circuit court's interpretation of its order is reasonable.  Id.

Applying the aforementioned principles, we hold that the circuit court's interpretation of the October 2002 order is unreasonable and that the Court of Appeals erred in concluding otherwise.  Contrary to the ruling of the circuit court, the October 3, 2002 order did not grant a motion for nolle prosequi.  The Commonwealth specifically requested that the charges be "dismissed," not that the charges be nolle prossed.  The circuit court speaks through its orders, and the October 3, 2002 order specifies that "[t]he attorney for the Commonwealth moved to dismiss the offense(s) indicated below, which motion the Court granted."

A nolle prosequi and a motion to dismiss are separate and distinct procedures.  Code § 19.2-265.3, which governs nolle prosequi, states:  "Nolle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown."  Pursuant to the plain language of Code § 19.2-265.3, the Commonwealth is not entitled to a nolle prosequi unless it demonstrates the

6

requisite good cause.  A dismissal at the request of the Commonwealth does not require a showing of good cause.

We also observe that the General Assembly has enacted many statutes that contain both the terms "nolle prosequi" and "dismissed."  Examples of statutes that contain both terms include:  Code § 16.1-305.1 that governs disclosure of disposition in certain delinquency cases; Code § 17.1-213 that deals with disposition of papers in ended cases; Code § 19.2-392.2 that governs expungement of police and court records; and Code § 51.1-124.28 that deals with legal representation of certain governmental officials.  We have repeatedly stated that "[w]hen the General Assembly uses two different terms in the same act, it is presumed to mean two different things." Simon v. Forer, 265 Va. 483, 490, 578 S.E.2d 792, 796 (2003); Greenberg v. Commonwealth, 255 Va. 594, 601, 499 S.E.2d 266, 270 (1998); Forst v. Rockingham Poultry Mktg. Coop., Inc., 222 Va. 270, 278, 279 S.E.2d 400, 404 (1981).  Clearly, the General Assembly is aware of the difference between the terms "nolle prosequi" and "motion to dismiss," and the General Assembly has not used these terms synonymously.

We hold that the circuit court abused its discretion when it concluded that the October 3, 2002 dismissal order granted the Commonwealth's motion for a nolle prosequi.  The Commonwealth failed to make such motion.

7

The facts and circumstances surrounding the entry of the October 2002 dismissal order indicate that the dismissal was with prejudice.  The Commonwealth failed to procure the presence of the defendant, who was in the custody of federal officials, and the Commonwealth was not prepared to proceed with its case against the defendant.  The circuit court had denied the Commonwealth's motion for a continuance, and the Commonwealth neglected to request a nolle prosequi.  Moreover, the Commonwealth does not identify any circumstances in the record that suggest that the order was entered without prejudice.[1]

Accordingly, we will reverse the judgment of the Court of Appeals, and we will dismiss the indictments.

<u>Reversed and final judgment</u>.

---

[1] The Commonwealth's remaining arguments are without merit.